LOUIS E. BOMEISLER, as Executor of SALVATORE CANTONI, Deceased, Appellant, v. ELSA FORSTER, Respondent.

1. APPEAL — PRESUMPTION OF QUESTION OF LAW. Where, in an action tried by the court or a referee, the decision did not state separately the facts found (Code Civ. Pro. § 1022), whether the Appellate Division, upon its review, either reverses and orders a new trial, or grants a final judgment to either party, if its order is silent as to the grounds, section 1338 controls and requires the presumption that the reversal was upon a question of law.

2. SCOPE OF REVIEW BY COURT OF APPEALS. Upon appeal from an order and judgment of the Appellate Division, reversing a judgment in favor of the plaintiff and dismissing the complaint upon the merits, in an action tried by the court or a referee, where the decision did not state separately the facts found and the order of the Appellate Division is silent as to its grounds, the review by the Court of Appeals is confined to the consideration of whether, upon the decision made by the trial court upon the facts, the legal conclusion followed that the plaintiff was entitled to the relief awarded him and, if there was no error in that respect, whether there were errors of law committed in the rulings upon the trial, which would, in any event, have justified a reversal of the judgment and rendered a new trial necessary.

3. EQUITY — RESTRAINT OF ACTION AT LAW. When a court of equity is asked to stay an action at law, it must consider whether, if it be a case where a legal defense to the action in fact exists, the applicant should be left to that as an adequate remedy, and whether any appreciable injury can result in denying him the right to establish the existence of some bar to the action at law and, thereupon, to have the same enjoined.

4. SPECIFIC PERFORMANCE OF PERSONAL CONTRACTS. The extension of the rule of specific performance to personal contracts is justified, where there would not be a complete and satisfactory remedy by compensation in damages, or where the benefits of the contract would not inure fully to the party in whose favor it was made, unless it was specifically performed.

5. RESTRAINT OF ACTION AT LAW IN DISREGARD OF CONTRACT OF SETTLEMENT. When it appears in an action in equity brought to restrain the defendant from prosecuting an action at law in breach of a lawful contract between the parties, by which the defendant had released the claim upon which the action at law was brought and had agreed not to sue thereon, that a specific performance of the contract is essential, if the plaintiff is to receive its benefits, such as security from charges and revelations which might affect his reputation, an injunction may properly be granted.

6. EVIDENCE CONFINED TO ISSUES ON TRIAL. When the issues triable in an action in equity to restrain a pending action at law are whether the defendant had executed a release of the charges on which the action at law was based and had orally agreed not to sue on the same, and whether such release and agreement were invalidated by fraud, misrepresentation or duress, evidence bearing upon the charges made in the complaint in the action at law, or bearing upon obligations claimed to arise by reason of matters set up therein, being pertinent only to the issues in that action, is not admissible in the action in equity.

7. ORAL EVIDENCE AS TO BASIS OF ORAL CONTRACT NOT TO SUE. In an action in equity to restrain an action at law brought in contravention of an oral contract not to sue, sought to be avoided on the ground of fraud and duress, it is not error to permit the plaintiff to introduce oral evidence of propositions of settlement made on behalf of the defendant and which formed the basis of the contract.

*Bomeisler* v. *Forster,* 10 App. Div. 43, 626, reversed.

(Argued October 15, 1897; decided November 23, 1897.)

APPEAL from an order and judgment of the Appellate Division of the Supreme Court in the first judicial department, entered respectively November 20 and 24, 1896, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at a Special Term of the Superior Court of the city of New York, and directed judgment absolute for the defendant dismissing the complaint upon the merits.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Wm. B. Hornblower* and *Louis E. Bomeisler* for appellant. The order of the Appellate Division reversing the judgment and the judgment entered thereon do not state that the reversal is made upon the facts. In order to sustain the reversal, therefore, it must be shown that an error of law was committed by the trial judge, and the disputed facts as found by him must be taken as correct. (Code Civ. Pro. § 1338; *Cudahy* v. *Rhinehart*, 133 N. Y. 248; *In re Laudy*, 148 N. Y. 403.) The Appellate Division erred in holding that there was an adequate remedy at law, and that the plaintiff was not entitled to equitable relief. (146 N. Y. 405; *Sanders* v. *Rodway*, 22 L. J. Ch. 230; *Phillips* v. *Berger*, 2 Barb. 608; *Carpenter* v. *Keating*, 10 Abb. Pr. [N. S.] 223; Beach on Injunctions, 567; *Baker* v. *Hawkins*, 14 R. I. 359; *Wright* v. *Fleming*, 76 N. Y. 517; *Deen* v. *Milne*, 113 N. Y. 303; Waterman on Spec. Perf. § 109; *D. M. Co.* v. *Roeber*, 106 N. Y. 473; *Boardman* v. *L. S. & M. S. R. Co.*, 84 N. Y. 157; *Joy* v. *Louis*, 138 U. S. 1; Pom. on Spec. Perf. [2d ed.] § 25; *Withy* v. *Cottle*, 1 S. & S. 174.) Altogether aside from the remedy of specific performance of an agreement not to sue, equity will restrain a vexatious and harassing lawsuit brought in bad faith. (2 Story's Eq. Juris. [13th ed.] 211, § 901; *Dawkins* v. *Prince Edward*, L. R. [1 Q. B. Div.] 499; *Castro* v. *Murray*, L. R. [10 Ex.] 213; *N. & N. B. H. Co.* v. *Arnold*, 143 N. Y. 265; *Jacobs* v. *Raven*, 30 L. T. 366; *Bushby* v. *Munday*, 5 Madd. 297; *C. I. Co.* v. *Maclaren*, 5 Clark, 438; *Vail* v. *Knapp*, 49 Barb. 300; *Kittle* v. *Kittle*, 8 Daly, 72; *Claflin* v. *Hamlin*, 62 How. Pr. 284; *Field* v. *Holbrook*, 3 Abb. Pr. 377; *Keyser* v. *Rice*, 47 Md. 203; *Dehon* v. *Foster*, 4 Allen, 545.) Defendant ratified her said agreement and release by retaining the $6,000 consideration therefor. Having elected to affirm the same she is now estopped from attacking it. (*Crans* v. *Hunter*, 28 N. Y. 389; *Pullman* v. *Alley*, 53 N. Y. 638; *Cobb* v. *Hatfield*, 46 N. Y. 533; *Lindsley* v. *Ferguson*, 49 N. Y. 623; *Schiffer* v. *Dietz*, 83 N. Y. 307; *Gould* v. *Cayuga Co. Nat. Bank*, 86 N. Y. 82; *Allerton* v. *Allerton*, 50 N. Y.

670; *Baird* v. *Mayor, etc.,* 96 N. Y. 598; *Strong* v. *Strong,* 102 N. Y. 69; *O. P. R. R. Co.* v. *Forrest,* 128 N. Y. 91; *Pryor* v. *Foster,* 130 N. Y. 171; *Tallinger* v. *Mandeville,* 113 N. Y. 427.) Equity favors compromise agreements and will enforce them whenever possible. (2 Cal. 197; 15 Johns. 197; 5 Cow. 387; 12 Wend. 508; 10 Barb. 333; *Vosburgh* v. *Teator,* 32 N. Y. 561; *Crans* v. *Hunter,* 28 N. Y. 389; 18 Wend. 407; 47 N. Y. 57; *Wehrum* v. *Kuhn,* 61 N. Y. 623; *Zane* v. *Zane,* 6 Mumf. 406; *Taylor* v. *Patrick,* 1 Bibb, 168; *Coved* v. *McKilvery,* Addis. 56; *Okeyson* v. *Barclay,* 2 Penn. 531; *Chamberlain* v. *McClurg,* 8 W. S. 831; *N. & N. B. H. Co.* v. *Arnold,* 143 N. Y. 269.) The defendant in a court of record is not bound to avail himself by way of counterclaim of an independent cause of action existing in his favor against plaintiff. The rule in this respect was not changed by the Code. (*Brown* v. *Gallaudet,* 80 N. Y. 417, 418; *Davidson* v. *Alfaro,* 80 N. Y. 662; *Gillespie* v. *Torrance,* 25 N. Y. 306; *Siemon* v. *Schurck,* 29 N. Y. 598; *Ruppert* v. *Haug,* 87 N. Y. 141; *Liquot* v. *Reading,* 4 E. D. Smith, 285; *Barth* v. *Burt,* 14 Abb. Pr. 349; *Halsey* v. *Carter,* 1 Duer, 667; *Welch* v. *Hazelton,* 14 How. Pr. 97; *Inslee* v. *Hampton,* 8 Hun, 230.) The ruling of the court was correct which permitted the witness Durant to testify to the oral agreement on the part of the defendant not to sue. (*Chapin* v. *Dobson,* 78 N. Y. 74; *Routledge* v. *Worthington Co.,* 119 N. Y. 592; 1 Greenl. on Ev. § 284; *Condit* v. *Cowdrey,* 123 N. Y. 463; *Thomas* v. *Scutt,* 127 N. Y. 133.) The Appellate Division erred in directing judgment absolute for the defendant instead of ordering a new trial, even if their decision reversing the judgment was correct in point of law. (*Thomas* v. *N. Y. L. Ins. Co.,* 99 N. Y. 250; *Ehrichs* v. *De Mill,* 75 N. Y. 370; *Guernsey* v. *Miller,* 80 N. Y. 181; *Iselin* v. *Starin,* 144 N. Y. 453; Code Civ. Pro. § 1317.)

*Samuel H. Randall* for respondent. The Appellate Division had ample power to either award a new trial or grant judgment absolute, dismissing the complaint upon the merits,

with costs, and its action and judgment were not erroneous. (Code Civ. Pro. §§ 992, 993, 1022; L. 1894, ch. 688; *Billings v. Russell*, 101 N. Y. 226; *Cudahy v. Rhinehart*, 133 N. Y. 248; *Moran v. McLarty*, 75 N. Y. 25.) No error was committed by the Appellate Division in holding plaintiff was not entitled to any equitable relief and had an adequate remedy at law. (*McHenry v. Jewett*, 90 N. Y. 58; *Wallack v. Society, etc.*, 67 N. Y. 23; *People v. Wasson*, 64 N. Y. 170; *Wolfe v. Burke*, 56 N. Y. 115; *Savage v. Allen*, 54 N. Y. 458; *Stull v. Westfall*, 25 Hun, 1; *Plear Co. v. T. Co.*, 34 Fed. Rep. 357; *Freeman v. Carpenter*, 6 N. E. Rep. 305; *Woods Co. v. Stover*, 4 N. E. Rep. 219; *Mer. Nat. Bank v. Moulton*, 3 N. E. Rep. 734; *Oakville Co. v. D. P. T. Co.*, 105 N. Y. 658; *Jackson v. Bunnell*, 113 N. Y. 216.) The Appellate Division did not err in determining the plaintiff was not entitled to any judgment in this action. (Willard's Eq. Juris. [ed. 1889] 263; *Stevens v. Comstock*, 109 N. Y. 655; *Tiffin v. Shawhan*, 1 West. Rep. 55; *Herren v. Rich*, 95 N. C. 500; *Seymour v. Delancey*, 6 Johns. Ch. 222; *P. C. Co. v. D. & H. C. Co.*, 31 N. Y. 91; *Peters v. Delaplaine*, 49 N. Y. 362; *Hamilton v. Harvey*, 121 Ill. 469; *McComas v. Easly*, 21 Gratt. 23; *Murdfeldt v. N. Y., W. S. & B. R. Co.*, 102 N. Y. 703; *Eckstein v. Downing*, 4 N. E. Rep. 387.) A decree for a specific performance will not be granted upon uncorroborated evidence of the complainant, or of a single witness, when a defendant denies the making of the agreement sought to be enforced; and where one seeks to enforce a contract *not* in writing, the contract must be certain and definite in its terms and established upon clear and unequivocal evidence. (*McManigle v. McManigle*, 4 Cent. Rep. 408; *Stern v. Nysanger*, 69 Iowa, 512; *Magee v. McManus*, 70 Cal. 558; *Byrne v. Romaine*, 2 Edw. Ch. 445; *Harris v. Knickerbacker*, 5 Wend. 638; *Losee v. Morey*, 57 Barb. 561; *Hinckley v. Smith*, 51 N. Y. 21; *Veth v. Gierth*, 92 Mo. 97; *Holhouse's Appeal*, 11 Cent. Rep. 157; Willard's Eq. Juris. 269; *Reppitti v. Marsuk*, 12 Cent. Rep. 411; *Shakespeare v. Markham*, 72 N. Y. 400.) There were no written agree-

ments proved upon the trial. (*Milliman* v. *R. R. Co.*, 3 App. Div. 109; *Byrne* v. *R. R. Co.*, 58 N. Y. S. R. 128; *Carpenter* v. *P. R. R. Co.*, 13 App. Div. 328–330; *Neuman* v. *Clapp*, N. Y. L. J. March 30, 1897.) Equity will withhold its aid if the agreement is unfair, unreasonable or unduly obtained or unconscionable, and where the consideration is grossly inadequate, and the probabilities must be taken into consideration in determining whether specific performance of an alleged contract will be decreed. (*Harrison* v. *Polar Star Lodge*, 3 West. Rep. 477; *Throckmorton* v. *Davidson*, 68 Iowa, 643; *Warren* v. *Hall*, 41 Hun, 466; *Kelly* v. *Kendall*, 6 West. Rep. 544; *Higgins* v. *Butler*, 3 N. E. Rep. 278; *Green* v. *Begol*, 14 West. Rep. 913; *Jones* v. *Babbitt*, 66 Barb. 611; *King* v. *Knapp*, 59 N. Y. 462; *Shakespeare* v. *Markham*, 72 N. Y. 400; *Livingston* v. *Peru I. Co.*, 2 Paige, 390; *Willard's* Eq. Juris. 263–266; *Seymour* v. *Delancy*, 3 Cow. 531.) There was no release or instrument of any kind produced at the trial whereby defendant covenanted or agreed she would not sue or bring any further action against plaintiff. (*Palmer* v. *Foley*, 71 N. Y. 129; *Mandeville* v. *Harman*, 5 Cent. Rep. 625.) It was error for the trial court to rule and to limit the evidence on defendant's part to the matters connected only with the execution of the release of May 21, 1892, and the papers dated June 2, 1892, and refuse to take testimony on the other issues in the action and those raised by defendant's answer, and to refuse to investigate the claims of defendant against plaintiff, which were alleged to have been the subject to which said release and papers related. (*Conro* v. *P. H. I. Co.*, 12 Barb. 61; *Rathbone* v. *Warren*, 10 Johns. 587; *Schiffer* v. *Lauterbach*, 7 App. Div. 223; *Otis* v. *Gregory*, 10 West. Rep. 792.) It was error for the trial court to rule that defendant could not avail herself of any fraud by plaintiff in obtaining the releases, and that the injunction order affirmed by the General Term was *res adjudicata* as to the merits of plaintiff's right to an injunction in the action and that defendant must stand by them, and her mouth should be closed and hands tied until she brought an action in equity

to rescind. (Code Civ. Pro. §§ 603, 604; *Morgan* v. *Bing-hamton*, 3 Cent. Rep. 649; *Lift* v. *Dougherty*, 74 Ga. 340; *Balfe* v. *Lammas*, 7 West. Rep. 548; *Troxell* v. *Haynes*, 5 Daly, 389; *Goodman* v. *Lodge of B'nai B'rith*, 8 Cent. Rep. 278.)

GRAY, J.   The plaintiff's testator sought in this action to obtain a decree, which should restrain the defendant from prosecuting an action at law then pending in the Superior Court of the city of New York, wherein she was the plaintiff and he was the defendant, or from bringing any other action for the same cause, and which should compel her specifically to perform her agreement not to harass the plaintiff by suits upon any claims of the nature of those described in her complaint.

It appears that prior to May 21st, 1892, the defendant had charged that Cantoni was the father of certain of her children; that he had promised to marry her and that they had lived together as man and wife; that he had promised to pay her sums of money and to make a substantial provision for her in case of his death and, also, that she had rendered services to him as his housekeeper for the period of about seven years. Upon claims of this nature she had threatened to sue him. On the date above mentioned, she executed an instrument, whereby she released Cantoni from all claims and demands that she had, or might have, against him and, particularly, from claims based upon her charge that he was the father of her children. A few days later, however, an action was commenced in her name against Cantoni to recover the sum of $250,000, on substantially the same claims. Thereupon, and on June 2d, 1892, a further settlement was made between them and, at that time, after swearing, in the form of an affidavit, to the effect that her previous release was freely and consciously made; that her charges against Cantoni were false and that she had no claims against him, she orally agreed, in consideration of $6,000, to discontinue the then pending action, to relinquish all claims she might have and

that she would " not thereafter in any manner communicate with, harass or annoy the plaintiff by suing him at law, or in equity, in person, by procurement or otherwise, by virtue of any claims she might have, etc." Two years later the action, which is now sought to be enjoined, was commenced by her, upon substantially the old claims, to recover damages in the sum of $175,000.

The making of the release of May 21st, 1892, and of the agreement of June 2d, 1892, above mentioned, were decided to be proven by the trial judge. His decision was in the form of a concise statement of the grounds upon which the issues were decided (section 1022 of the Code), and, upon the issue made as to the validity of the release and agreement, he decided that they were upon a valuable consideration, voluntarily and intelligently entered into and not the result of any fraudulent practices or coercion. The decree of the court, at Special Term, awarded to the plaintiff the equitable relief demanded; but, upon appeal, the Appellate Division ordered its reversal and that judgment should be entered for the defendant, dismissing the complaint upon the merits.

The order is silent as to the grounds for the reversal, or upon which judgment is given for the defendant. Authority is conferred by section 1022 of the Code of Civil Procedure upon the Appellate Division to review all questions of fact and of law, upon an appeal from a judgment upon a decision, which does not state separately the facts found, and to grant to either party the judgment which the facts warrant. Where the Appellate Division, as here, upon reversing a judgment, grants a judgment upon the merits to the appealing party, it might seem as though the case came before this court, upon an appeal, upon its questions of fact as well as of law; despite the absence of any statement in the body of the order that the reversal and direction for judgment were upon the facts. But we are not disposed to believe that the legislature intended any exception to the provisions of section 1338; which require the presumption at our hands that a reversal was not upon a question of fact, unless the contrary clearly appears in

the body of the judgment or order appealed from. That section and section 1338 have reference to trials before the court, or before a referee, and we do not think that we can enlarge our province of review beyond the limits set by section 1338. The grounds of the decision of the issues, which section 1022 authorizes to be concisely stated, as a substitute for separate findings of fact, must be regarded as containing statements of those facts, which the trial judge, or referee, deems to be established by the evidence and his decision has the support of the same presumptions, which go to the support of a general verdict. (*Amherst College* v. *Ritch*, 151 N. Y. 282.) A general exception to the decision imposes upon the Appellate Division the duty to review all the questions of fact and of law; and where it reverses and orders a new trial, or grants a final judgment, and its order is silent as to its grounds, we are bound to presume that it was made upon the questions of law presented by the case. ⌜Our review is, therefore, confined to the consideration of whether, upon the decision made by the trial court upon the facts, the legal conclusion followed that the plaintiff was entitled to the equitable relief awarded him and, if there was no error in that respect, whether there were errors of law committed in the rulings upon the trial, which would, in any event, have justified a reversal of the judgment and rendered a new trial necessary.

Upon reference to the opinion of the Appellate Division, it appears that the learned justices thought that, as there was a perfect defense to the pending action at law, in the release which the defendant had executed to the plaintiff, that general rule in equity should control which forbids the interference by the court to enjoin a pending suit at law, to which there exists a perfect legal defense, or where the ground for relief is as equally available at law as in equity. In our judgment, however, this case presents those exceptional features, which make the interference of a court of equity necessary in order that the plaintiff may have the full benefit of the con-

tract, which, as the court has decided, was made between him and this defendant. Every case must, necessarily, be governed in its disposition by its facts and circumstances and the discretion of the court must be influenced in its exercise by a consideration of the relative injury and convenience, which may result from granting or refusing equitable relief by way of injunction. In the remedial exercise of its great power, a court of equity proceeds with a discretion which is controlled by legal principles and if, as in the present case, it is asked to stay an action at law, it must address itself to the consideration of whether, if it be a case where a legal defense to the action in fact exists, the plaintiff should be left to that as an adequate remedy, and whether any appreciable injury can result in denying him the right to establish the existence of some bar to the action at law and, thereupon, to have the same enjoined. The difference to the plaintiff between a trial of the action at law, in which all the scandalous matters would be made public and his reputation more or less affected, according as credence might be given to the statements and charges of the plaintiff therein, and a trial of the action in equity, where the issue would be confined to the question of whether there had been a release and settlement of all claims against him, which formed the basis of the complaint in the pending action, and an agreement not to sue further upon them, is quite perceptible and substantial. The fact of a release would not prevent, in the former case, the ventilation of all the matters of complaint, real or fabricated ; whereas, in the latter case, if it should be found that it was validly made and that there was an agreement not to harass by suits upon claims which had been settled and released, this plaintiff would be spared a public discussion of charges which the settlement between him and the defendant had disposed of. The specific performance of the contract, which is found to have been made by the defendant with the plaintiff, seems essential to justice ; if the latter is to be assured of the benefits of the former's agreement with him.

The rule of specific performance will be extended to personal contracts, where the party wants the thing in specie and he cannot otherwise be compensated. (*Phillips* v. *Berger*, 2 Barb. 608; Story's Eq. Jur. § 716.) That is to say, the extension of the rule to such cases is justified, where there would not be a complete and satisfactory remedy by compensation in damages, or where the benefits of the contract would not inure fully to the party, in whose favor it was made, unless it was specifically performed.

It must be borne in mind that we are not concerned here with the nature, or the weight, of the evidence. It was sufficient to support the decision of the trial court, as to the matters of fact therein referred to, and the province of this court is limited to the field of inquiry into the disposition made of the principal legal question of the right to any equitable relief and of any other legal questions, which arose during the proceedings to judgment. Presented in that way, this case appears to us as one where, while there may have been an available legal defense to the pending action at law, that remedy was not adequate to the plaintiff's necessities and where there could be no adequate remedy short of the enforcement of this defendant's agreement. A specific performance of that agreement is indispensable to the security of the plaintiff against defendant's charges and revelations as to his past conduct, whether real or fabricated, which might affect his reputation and character in the community. This security he must be deemed to have obtained by his contract. It is not upon the principle that equitable relief is due to this plaintiff to protect him from oppressive or vexatious litigation, that we think that the decree of the trial court must rest for its correctness; but it is upon the principle that a specific performance of the defendant's agreement with the plaintiff is essential, if he is to receive its benefits, and, if he was entitled to specific performance, then the remedy of an injunction, restraining the defendant from doing the act which she has contracted not to do, was proper to be granted. The case of *Money* v. *Jordan* (2 DeGex, M. & G. 318) may be referred

to, as showing how a court of equity will be moved to inter-
fere with proceedings at law, on finding that they would be in
breach of an oral agreement.  There the legal proceedings
were to enforce a bond debt and they were enjoined, upon
the ground that the bond creditor had declared that payment
would never be enforced.  The court found that he had
agreed to that effect and would not suffer him to proceed at
law.  In our judgment, the equities of this case were appar-
ent, and strong enough to warrant the trial court in exercising
its jurisdiction to restrain the pending action at law.

Having reached this conclusion, we think that the order of
the Appellate Division, reversing the judgment of the Special
Term and directing a judgment for the defendant, was
erroneous.

There were numerous exceptions taken upon the trial.  The
greater part of them related to rulings which excluded evi-
dence bearing upon the charges made in the complaint in the
action at law.  The objections to such questions were prop-
erly sustained.  The issues to be tried were, whether the
defendant executed the release of May 21st, 1892, and made
the agreement of June 2nd, 1892, and whether they were
invalidated by reason of any fraudulent practices, misrepre-
sentation, or duress in their procurement.  Evidence which
bore upon these issues was admissible; but it was not compe-
tent to go into outside matters, or to try what was in issue
between the parties in the other action.  The truth or falsity
of the charges in the complaint of this defendant, the nature
of the relations between the parties and the promises and con-
duct of this plaintiff, prior to their settlements, and upon
which this defendant predicated her complaint, were wholly
immaterial to the issues which were being tried.

But a few of the other rulings need to be noticed.  The
witness Durant, head clerk for Howe and Hummel, who had
appeared as the defendant's attorneys in the earlier action at
law, was asked, on behalf of the plaintiff, "what were the
statements or promises which she made and authorized you to
communicate, as part of the agreement with the plaintiff, to

his attorney and that you did communicate." This was objected to upon the ground that it was "wholly outside of any agreement that they alleged in their papers and which they rely upon as part of this settlement" and that it was outside of any instruments which were set forth in the complaint and formed no part of the agreement or contract relied upon. The objection was overruled and the witness answered; stating what propositions of settlement he communicated to Cantoni's lawyer at the request of the defendant and which formed the basis of the settlement reached. There was no error in admitting the evidence. The complaint did not set up any contract in writing; but merely alleged that, in consideration of the sum of $6,000 paid to the defendant, she contracted and agreed not to harass the plaintiff by suits. To prove that as a fact, Durant, through whom this defendant had acted, according to his testimony, was called as a witness. His evidence did not trench upon the rule, which forbids the alteration or variation of a written contract by parol evidence. It simply went to establish the making of the particular agreement not to sue and to induce which Cantoni paid the money demanded. It was that distinct and independent part of the general transaction leading to a settlement, upon which Cantoni might rely for his protection and of which he would be entitled to compel the specific performance.

Certain evidence was excluded, which bore upon the payment by Cantoni of the expenses and counsel fees of Howe and Hummel. It is difficult to see why the evidence was excluded; but, assuming that it was properly admissible, its exclusion cannot be regarded as an error of any importance. It was not material what the amount paid to Howe and Hummel was, in the absence of anything going to show that they had acted collusively with Cantoni to defraud or deceive the defendant, in settling with the plaintiff.

The defendant was asked whether she had ever released or discharged the plaintiff from the obligations of the contract set forth in her complaint, meaning the complaint in the action at law. The objection to this question was properly sus-

tained. The question at issue was whether she had, for a consideration, agreed not to harass the plaintiff by suits and whether she had executed the release, as alleged in this complaint. As to that, she had given her evidence and the question asked assumed the fact that there were obligations resting upon this plaintiff by reason of matters set up in the complaint in the action at law. Those matters, as it has above been mentioned, were not upon trial here.

We have carefully considered all of the other rulings which are not mentioned here; but we fail to find that any material error was committed, which rendered it proper to order a new trial.

The order and judgment of the Appellate Division should be reversed and the judgment of the Special Term should be affirmed, with costs to the appellant at the Appellate Division and in this court.

All concur.

Order and judgment reversed.