## McDONALD v. McDONALD.
### No. 10725.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 20, 1950.

Decided March 22, 1951.

Mr. Henry Lincoln Johnson, Jr., Washington, D. C., with whom Messrs. E. Lewis Ferrell and Curtis P. Mitchell, Washington, D. C., were on the brief, for appellant.

Mr. Belford V. Lawson, Jr., Washington, D. C., with whom Mrs. Charlotte R. Pinkett, Mr. Aubrey E. Robinson, Jr., and Miss Marjorie A. McKenzie, all of Washington, D. C., were on the brief, for appellee.

Before CLARK, BAZELON, and FAHY, Circuit Judges.

PER CURIAM.

The appellant, Earl H. McDonald, brought an action in the District Court to enjoin Hortense G. McDonald, the defendant in that action and the appellee here, from the prosecution of a declaratory judgment action in the same court against the appellant seeking to have her marital status determined, with particular reference to the effect, if any, on that status of divorce proceedings which appellant had prosecuted against her in Arkansas. The injunction action was founded on an agreement, or stipulation, between Earl H. McDonald and Hortense G. McDonald entered into prior to the Arkansas proceedings. Particularly, it was alleged that the declaratory judgment action constituted a violation of the provisions in said agreement that, "No further litigation, except possibly another action for divorce by Hortense G. McDonald or Earl H. McDonald, shall be commenced by any party to this stipulation against any other party to this stip-

ulation because of any matter whatsoever which has occurred prior to the date of this stipulation; * * *" and "neither shall interfere with any business or social activity of the other."

■ On appellant's motion for a preliminary injunction and the appellee's motion to dismiss, the District Court concluded that the commencement and prosecution of the declaratory judgment action by the appellee was not a violation of the agreement. We agree with this conclusion. The action sought to be enjoined was not an interference with any social or business activities of appellant; it was designed to obtain judicial determination of the legal status of the relationship between the parties. Furthermore, it was not contrary to the agreement not to engage in further litigation by reason of "any matter whatsoever which has occurred prior to the date of this stipulation," since it grew out of proceedings in Arkansas instituted subsequently to that date.

■■ We accordingly affirm the order of the District Court denying the motion for preliminary injunction and dismissing the complaint. In doing so, however, we point out that the District Court in its conclusions of law also stated that the defendant, appellee, was entitled to have her marital status determined in the declaratory judgment action. This was not for determination on the motion to dismiss the injunction action. Whether or not the relief prayed in the declaratory judgment action should or should not be granted must await determination under principles brought into application by such pleadings or evidence as might develop in that litigation. The granting of a declaratory judgment, for example, lies within the sound discretion of the court. Eccles v. Peoples Bank of Lakewood Village, 1948, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784; Brillhart v. Excess Ins. Co., 1942, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620. Furthermore, the merits of the action sought to be enjoined were not before the court for decision in the injunction action itself. The only issue properly determined was that no case for an injunction was made, not that the declaratory judgment action itself should eventuate successfully for the plaintiff.

Affirmed.