Julius FLETCHER, Appellant

v.

Joseph Albert GEESLING and Louise Geesling, Appellees.

No. 15773.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 21, 1960.

Decided Jan. 5, 1961.

Mr. Joseph A. McMenamin, Washington, D. C., for appellant.

Mr. Harold P. Ganss, Washington, D. C., for appellees.

Before Mr. Justice REED, retired,* and WILBUR K. MILLER, Chief Judge, and BURGER, Circuit Judge.

WILBUR K. MILLER, Chief Judge.

Joseph Albert Geesling filed suit June 21, 1956, in the United States District Court against Julius Fletcher for damages in the sum of $200,000.00 for alleged criminal conversation with his wife, Louise Geesling. The action was certified to the Municipal Court for the District of Columbia, where it is still pending.

On March 18, 1958, Fletcher filed this suit in the District Court against Geesling and his wife seeking to enjoin them from taking any further action in the damage suit filed in 1956. He alleged that on or about July 4, 1955, Louise Geesling falsely accused him of being the father of one of her children, and demanded money; that thereafter Joseph Geesling made similar false accusations against him, and also demanded money; that he "denied all such accusations, but not wanting to be annoyed or bothered further in the matter he entered into an agreement with each of the defendants [Geesling and his wife] to settle all matters between the parties."

Fletcher further alleged in his complaint that on August 19, 1955, he paid Louise Geesling $1,500 which she accepted in settlement of all claims "between them and in consideration of which she agreed not to further molest, sue, accuse or bother the plaintiff [Fletcher] in any manner"; that on September 30, 1955, he paid $2,000 to Joseph Geesling who accepted that sum "in full settlement of all claims between the parties, and in consideration of which he agreed not to further molest, sue, accuse or bother the plaintiff [Fletcher] in any manner."

It was also alleged in the complaint that the suit for damages now pending in the Municipal Court was filed by Geesling in violation of the settlement agreement; that Louise Geesling will be the

* Sitting by designation pursuant to Sec. 294(a) Title 28 U.S.C.

main witness in the damage suit, "and is awaiting the time of trial to testify falsely therein." Fletcher further alleged that, unless the Geeslings were enjoined from proceeding in the damage suit, "certain alleged and untrue scandalous matter would be made public and this plaintiff's reputation would be more or less affected * * *." He alleged he would suffer irreparable injury if Geesling were not enjoined and made to abide by his contract not to sue.

The Geeslings filed an answer April 8, 1958, in which they admitted the pendency of the damage suit against Fletcher, but denied there had been any compromise or settlement. They expressly denied "that they accepted any money in settlement of any claims" or "that they agreed to forego suing, accusing or bothering the plaintiff [Fletcher] in any manner."

On May 9, 1958, one of the judges of the United States District Court entered an order preliminarily enjoining the Geeslings from taking any further action in the damage suit. Later in May, 1958, another District Court judge, apparently acting *sua sponte*, certified the injunction suit to the Municipal Court because it appeared "to the satisfaction of the Court at the Calendar Call hereof that this action will not justify a judgment in excess of Three Thousand Dollars ($3,-000.00)."

Thereafter the injunction suit came on for trial in the Municipal Court, which heard evidence and argument of counsel, and made findings of fact on the basis of

which it "perpetually enjoined" the Geeslings "from in any wise further prosecuting, conducting or carrying forward in any manner" the pending damage suit.

On appeal from this judgment, the Municipal Court of Appeals of the District of Columbia reversed and remanded to the Municipal Court with instructions to refuse to entertain the action for lack of jurisdiction.[1] The Municipal Court of Appeals pointed out that the Code provision [2] which authorizes the District Court under some circumstances to certify an action to the Municipal Court, expressly excepts an action for equitable relief.

On February 1, 1960, the Geeslings moved the District Court to vacate its order of May 28, 1958, certifying the injunction suit to the Municipal Court, and to reinstate that action on its trial calendar. Thereafter, on March 31, 1960, the same District Judge who had certified the injunction suit to the Municipal Court granted the foregoing motion to vacate the order of certification. In the same order that Judge recited that it appeared "from the record in the cause that the plaintiff [Fletcher] has a plain and adequate remedy at law as set forth in his defense to" Geesling's suit for damages and, on the basis of that recitation, ordered "sua sponte, that the preliminary injunction entered herein is hereby vacated, and the within cause is hereby dismissed."

As the certification of the injunction suit to the Municipal Court was erroneous and was vacated by the certifying

1. Geesling v. Fletcher, 1959, 154 A.2d 347.

2. Section (a) of § 11–756, D.C.Code (1951, Supp. VIII), is as follows:

"(a) If, in any action, *other than an action for equitable relief*, pending on the effective date of this section [July 26, 1956,] or thereafter commenced in the United States District Court for the District of Columbia, it shall appear to the satisfaction of the court at any time prior to trial thereof that the action will not justify a judgment in excess of $3,-000, the court may certify such action to the municipal court for the District

of Columbia for trial. The pleadings in such action, together with a copy of the docket entries and of any orders theretofore entered therein, shall be sent to the clerk of the said Municipal Court, together with the deposit for costs, and the case shall be called for trial in that court promptly thereafter; and shall thereafter be treated as though it had been filed originally in the said Municipal Court, except that the jurisdiction of that court shall extend to the amount claimed in such action, even though it exceed the sum of $3,000." (Emphasis supplied.)

District Judge as improvidently entered, we may simplify the situation by summarizing the steps taken in the injunction suit without referring to the proceedings in the Municipal Court and the Municipal Court of Appeals. Thus simplified, the situation is that this suit was brought by Fletcher to enjoin the Geeslings from taking further steps in their damage suit; that one District Judge granted a preliminary injunction, and that another, *sua sponte*, dissolved it and dismissed the complaint. Fletcher appeals from the action of the latter.

The first question is whether the District Court acted correctly in dismissing the complaint for an injunction on the ground that Fletcher had "a plain and adequate remedy at law as set forth in his defense" to the damage suit. Fletcher's defense to the damage suit does not appear in this record; consequently, we do not know what Fletcher set forth as a defense. We presume, however, that the District Judge had in mind that Fletcher had pleaded, or could plead, by way of defense to the damage suit, the payments and agreements not to sue which he set forth in his complaint for an injunction. This may well be true. But in the injunction suit Fletcher denied having had illicit relations with Louise Geesling and denied his paternity of her child; it may therefore be presumed that he made similar denials in the damage suit, in addition to pleading agreements not to sue.

It is not at all certain that, at the trial of the damage suit, the issue concerning the making of agreements not to sue would be tried first as a preliminary question, before the disputed issues as to criminal conversation and paternity were aired in open court. It was to avoid the latter contingency that Fletcher sought an injunction. The Court of Appeals of New York had before it a somewhat similar situation in Bomeisler v. Forster, 1897, 154 N.Y. 229, 48 N.E. 534, 535. There it was said:

" * * * The difference to the plaintiff between a trial of the action at law, in which all the scandalous matters would be made public, and his reputation more or less affected, according as credence might be given to the statements and charges of the plaintiff therein, and a trial of the action in equity, where the issue would be confined to the question of whether there had been a release and settlement of all claims against him, which formed the basis of the complaint in the pending action, and an agreement not to sue further upon them, is quite perceptible and substantial. The fact of a release would not prevent, in the former case, the ventilation of all the matters of complaint, real or fabricated; whereas, in the latter case, if it should be found that it was validly made, and that there was an agreement not to harass by suits upon claims which had been settled and released, this plaintiff would be spared a public discussion of charges which the settlement between him and the defendant had disposed of. * * * * "

On similar reasoning, we think Fletcher was entitled to a trial in this case of the issue as to whether the payments and agreements not to sue were actually made. If so, he was entitled to an injunction against the prosecution of the damage suit. Cf. Perry v. Perry, 1951, 88 U.S.App.D.C. 337, 190 F.2d 601. The preliminary injunction granted by the District Court's order of May 9, 1958, should be reinstated pending final disposition of the issues raised by the complaint for a permanent injunction.

In the circumstances, we do not reach the second question: whether Fletcher was deprived of due process by the District Court's dismissal of his complaint, *sua sponte*, without notice or hearing.

Reversed and remanded.