**BLACKSHEAR RESIDENTS ORGANI-
ZATION et al., Plaintiffs-Appellants,**

v.

**George ROMNEY, Secretary, U. S. Depart-
ment of Housing and Urban Develop-
ment, Defendant-Appellee.**

**No. 72–1802.**

United States Court of Appeals,
Fifth Circuit.

Jan. 30, 1973.

F. Patrick Hubbard, University of Tex-
as Law School, Austin, Tex., for plain-
tiffs-appellants.

William S. Sessions, U. S. Atty., Hugh
P. Shovlin, Asst. U. S. Atty., San An-
tonio, Tex., for defendant-appellee.

Before RIVES, WISDOM and RONEY,
Circuit Judges.

PER CURIAM:

This case involves the site selection of
certain federally subsidized low income
housing projects in Austin, Texas. The
plaintiffs appeal from the denial of a
preliminary injunction. We affirm.

The plaintiffs-appellants, the Black-
shear Residents Organization (residents
and property owners of the Blackshear
Urban Renewal Area in Austin) and the
Austin Welfare Rights Organization
(welfare recipients in Austin), filed suit
in federal district court attacking the ap-
proval by the Department of Housing and
Urban Development of certain housing
projects in Austin. The projects were
funded through the mortgage insurance
provisions of Section 221(d)(3) of the
Housing Act of 1954, 12 U.S.C. § 1715*l*
(d)(3), and the rent supplement program
authorized by Section 101 of the Housing
and Urban Development Act of 1965, 12
U.S.C. § 1701s.

The organizations object to the location
of low income housing units in areas of
heavy minority group population on the
ground that it will perpetuate residential
segregation in those areas. Their amend-

ed complaint states three causes of action and seeks declaratory and injunctive relief. First, they allege that HUD gave inadequate consideration to their administrative complaint, filed in 1970 under 24 C.F.R. § 1.7(b), by failing to conduct an investigation or hold an adjudicatory hearing. Second, they object specifically to the procedures used in selecting a location for the Mount Carmel Village Project in an area of heavy minority concentration. HUD originally planned this project to contain only low income rent supplement units, but under current plans it will contain 20% rent supplement units and 80% moderate income units. The plaintiffs contend that in selecting the site for this project HUD did not use procedures adequate to protect their right to equal housing opportunity under the Fifth Amendment, Title VI of the Civil Rights Act of 1964,[1] the Housing Act of 1949 as amended,[2] and the Civil Rights Act of 1968.[3] Third, the plaintiffs argue that HUD has failed to meet its affirmative statutory and constitutional duty to disestablish the alleged discriminatory housing patterns in Austin. Pending determination of this suit, the plaintiffs sought preliminary injunctive relief to prevent HUD from funding the construction or operation of the Mount Carmel Village Project by means of the rent supplement program and compelling HUD to inform them of any other applications for such subsidized housing.

On review of the denial of preliminary injunctive relief our role is limited to determining whether the district court abused its discretion. See Eli Lilly & Co. v. Generix Drug Sales, Inc., 5 Cir. 1972, 460 F.2d 1096, 1099; Croskey Street Concerned Citizens v. Romney, 3 Cir. 1972, 459 F.2d 109, 110; DeBremaecker v. Short, 5 Cir. 1970, 433 F.2d 733, 735; Bayless v. Martine, 5 Cir. 1970, 430 F.2d 873, 877. The factors to be considered in determining whether preliminary injunctive relief is appropriate are: (1) whether the plaintiff is likely to prevail on the merits; (2) whether the plaintiff is in danger of suffering irreparable harm; (3) whether the potential harm to the defendant from issuance of the injunction outweighs the possible harm to the plaintiff if injunctive relief is denied; (4) whether issuance of a preliminary injunction will serve the public interest. See North Avondale Neighborhood Ass'n v. Cincinnati Metropolitan Housing Authority, 6 Cir. 1972, 464 F.2d 486; Croskey Street Concerned Citizens v. Romney, *supra,* 459 F.2d at 111–112 (Aldisert, J., concurring); Bayless v. Martine, *supra,* 430 F.2d at 877; Perry v. Perry, 1951, 88 U.S.App.D.C. 337, 190 F.2d 601, 602; 7 J. Moore, Moore's Federal Practice ¶ 65.04 [1]–[2] (2d ed. 1972).

The district court carefully considered each of these factors, and on this record we cannot say that the district court abused its discretion in denying preliminary injunctive relief. We express no opinion as to the likelihood that the plaintiffs will or will not succeed on the merits. But the record supports the district court's finding that the plaintiffs failed to show that they were in jeopardy of irreparable harm. The plaintiffs made no objection to the use of the project for moderate income housing. Their quarrel is only with the presence of low income, rent supplement units. Should they finally prevail, the rent supplement payments could be phased out and the project converted to moderate income housing.[4] Moreover, in view of HUD's undisputed finding of a need for low income housing in Austin, we cannot say that the district court erred in determining that the grant of a preliminary injunction would be contrary to the public interest. These factors were sufficient to justify the district court, acting within its equitable discretion, in denying preliminary injunctive relief.

The judgment of the district court is affirmed.

---

1. 42 U.S.C. § 2000d et seq.

2. 42 U.S.C. § 1441 et seq.

3. 42 U.S.C. § 3601 et seq.

4. Indeed, 80% of the units in the project are already planned as moderate income units. It might even be said that the case is 80% moot.