**INTERCO INC., Londontown Corp. and Queen Casuals, Inc., Plaintiffs,**

**v.**

**FEDERAL TRADE COMMISSION, Carol M. Thomas, Secretary, Federal Trade Commission, Michael N. Sohn, General Counsel, Federal Trade Commission, Defendants.**

**Civ. A. No. 78–2486.**

United States District Court, District of Columbia.

April 12, 1979.

Jeffrey I. Gordon, Mayer, Brown & Platt, Washington, D. C., for plaintiffs.

Michael N. Sohn, W. Dennis Cross, Joanne L. Levine, Brenda M. Hull, F. T. C., Washington, D. C., Fred D. Cohen, Betsy Ginsberg, Dept. of Justice, Washington, D. C., for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOHN H. PRATT, District Judge.

This matter comes before the Court on plaintiffs' motion for preliminary injunction. Plaintiffs seek to restrain the disclosure to twenty-two state attorneys general of certain data submitted by plaintiffs to defendant Federal Trade Commission (hereinafter "the Commission") during the course of Commission investigations into the footwear and apparel industries.

This action commenced on September 6, 1978, when plaintiffs brought suit under 28 U.S.C. §§ 1331(a), 1337, 1651, and 2201–2202 and 5 U.S.C. §§ 701–706 in the Eastern District of Missouri. Plaintiffs also, on that date, sought a Temporary Restraining Order (TRO) against defendants. The TRO was granted and venue was subsequently transferred to this Court. On January 3, 1979, plaintiffs moved for a preliminary injunction, at which time the parties agreed to a briefing schedule on plaintiffs' motion

and the Commission agreed to withhold the documents at issue until a hearing on the motion was held. Plaintiffs filed their memorandum in support of the motion for preliminary injunction on January 31; defendants filed their opposition on February 23.

In the interim, several state attorneys general moved for intervention pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. Defendants responded by requesting the Court to grant leave to the states to intervene pursuant to Rule 24(b). The Court has so ordered.

On January 25, plaintiffs served defendants with interrogatories and a request for production. Defendants moved for a protective order and for an immediate hearing on plaintiffs' motion for a preliminary injunction. On March 14, this Court stayed discovery absent further order of the Court and set a hearing on the preliminary injunction for March 27, 1979. On March 22, plaintiffs filed a motion to compel discovery and to reset the hearing date. These motions were denied on March 23, whereupon plaintiffs subpoenaed the General Counsel for the Commission to appear at the March 27th hearing. Defendants filed, on March 26, a motion to quash the subpoena, which the Court granted.

Thus, three matters were before the Court at the March 27th hearing: (1) the motions to intervene by the state attorneys general; (2) defendants' motion to quash; and (3) plaintiffs' motion for preliminary injunction. Plaintiffs presented one witness at the hearing, Geoffrey Bloom Vice-President for Marketing, Florsheim Shoes. Having considered the motions, supporting and opposing memoranda, oral arguments of counsel, and the entire record herein, the Court now enters the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiff Interco, Inc., is a Delaware corporation engaged in, *inter alia*, the manufacture and sale, at wholesale and retail, of wearing apparel and footwear.

2. Plaintiff Londontown is a wholly-owned subsidiary of Interco, engaged in the manufacture and sale of rainwear and outerwear.

3. Plaintiff Queen Casuals is a wholly-owned subsidiary of Interco, engaged in the manufacture and sale of women's sportswear.

4. Plaintiff Florsheim Shoe Co., is a division of Interco engaged in the manufacture and sale of men's footwear.

5. Defendant Federal Trade Commission is an independent regulatory agency of the U.S. Government. The documents herein at issue are under the custody and control of the Commission.

6. Defendant Carol M. Thomas is the Secretary of the Commission.

7. Defendant Michael N. Sohn is General Counsel of the Commission.

8. Intervenors are the attorneys general of the states of Rhode Island, Connecticut, New York, Missouri, Iowa, Colorado, North Carolina, New Hampshire, Minnesota, Utah, Louisiana, Pennsylvania, and Massachusetts.

9. Intervenors, and the attorneys general of nine other states, seek the release to them of all non-public documents in two Federal Trade Commission investigatory files. The documents, some of which were supplied by Interco as a result of subpoena and some of which were supplied by third parties or generated by Commission staff, were obtained by the Commission during the course of its investigations of plaintiffs' resale and pricing activities in the footwear and apparel industries.

10. Commission proceedings were effectively concluded on September 26, 1978, the date on which the Commission accepted a Cease and Desist Order signed by plaintiffs.

11. Plaintiffs allege, and the Commission agrees, that some of the material supplied by them to the Commission is confidential commercial information within the meaning of 5 U.S.C. § 552(b)(4).

12. The intervenors and the other state attorneys general seek the documents in the

Commission's footwear and apparel files for the purpose of investigating possible violations of state antitrust statutes. They have agreed to hold that portion of the documentation which the Commission has determined falls within 5 U.S.C. § 552(b)(4) in confidence, not releasing it to the public without the consent of the Commission. The Commission has agreed to provide plaintiffs with ten days notice prior to public release.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this action under 28 U.S.C. § 1331. *Sears, Roebuck, Inc. v. GSA,* 180 U.S.App.D.C. 202, 553 F.2d 1378 (D.C.Cir.1977).

2. This Court has limited jurisdiction to award the equitable relief of a preliminary injunction. The criteria for the grant of the extraordinary relief of a preliminary injunction are well-established. *Washington Metropolitan Transit Commission v. Holiday Tours, Inc.,* 182 U.S.App.D.C. 220, 559 F.2d 841 (D.C.Cir.1977); *Virginia Petroleum Jobbers Association v. Federal Power Commission,* 104 U.S.App.D.C. 106, 259 F.2d 921 (D.C.Cir.1958); *Perry v. Perry,* 88 U.S. App.D.C. 337, 190 F.2d 601 (D.C.Cir.1951). First, plaintiffs bear the burden of showing a substantial likelihood of success on the merits. Second, plaintiffs must demonstrate that they will sustain irreparable injury. Third, plaintiffs must demonstrate that a grant of equitable relief will not substantially harm other interested parties. Fourth, plaintiffs must also demonstrate that injunctive relief will not be contrary to the public interest.

3. Plaintiffs have not met their burden of proof under these criteria.

■ 4. Even if the Interco documents may be properly classified as confidential commercial or financial information within the meaning of Exemption (b)(4) of the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(4), the Commission is not required to claim this exemption in response to a FOIA request by state attorneys general. *Charles River Park "A" Inc. v. HUD,* 171 U.S.App.D.C. 286, 292, 519 F.2d 935, 941

(D.C.Cir.1975); *Sears, Roebuck, Inc. v. GSA,* 180 U.S.App.D.C. 202, 553 F.2d 1378 (D.C. Cir.1977).

■ 5. Section 6(f) of the Federal Trade Commission Act, 15 U.S.C. § 46(f), which grants the Commission wide discretion to release documents except for trade secrets and lists of customers, also does not preclude the release of Interco documents to state attorneys general.

■ 6. The release of Interco documents to state attorneys general for the purpose of investigating possible illegal competitive practices is not a release to the "public" within the meaning of either 5 U.S.C. § 552(a) or 15 U.S.C. § 46(f) where the state attorneys general have given the Commission reasonable assurances that these documents will not be generally released to the public. *Cf. Exxon Corp. v. FTC,* 191 U.S.App.D.C. 59, 589 F.2d 582 (D.C.Cir.1978); *Ashland Oil, Inc. v. FTC,* 179 U.S.App.D.C. 22, 548 F.2d 977 (D.C.Cir. 1976).

■ 7. Therefore, the Commission is empowered under the FOIA, 5 U.S.C. § 552(a) and under section 6(f) of the Federal Trade Commission Act, 15 U.S.C. § 46(f), to release all the documents in its custody and control, including documents containing trade secrets and customer lists to the state attorneys general.

■ 8. Plaintiffs also have not demonstrated that they will suffer irreparable injury if the documents are released. The documents at issue are three or four years old, and are being released to the state attorneys general under confidentiality restrictions. Injunctive relief is not appropriate to prevent the possible occurrence of an event at some indefinite future time. *Ashland Oil, Inc. v. FTC,* 179 U.S.App.D.C. 22, 548 F.2d 977 (D.C.Cir.1976).

9. A grant of injunctive relief would be contrary to the interests of other parties, particularly to the interest expressed by state attorneys general. Plaintiffs have entered into a consent order before the Commission for certain antitrust violations,

namely resale price maintenance. The states accordingly have a legitimate reason to investigate the extent to which—if at all—plaintiffs have violated their laws.

10. Finally, there is the public interest in vindicating the policies which underlie the FOIA and section 6(f) of the Federal Trade Commission Act. These statutes reflect a concern that government documents should, to the fullest extent possible, be disclosed to the public. Moreover, there is a substantial public interest in preventing duplication of the investigatory efforts among states which have sought to obtain the Interco documents.

11. For the foregoing reasons, plaintiffs have failed to carry their burden of proving that the circumstances warrant issuance of a preliminary injunction. Accordingly, by separate order of this date, plaintiffs' motion for a preliminary injunction is denied.