**507**. *LOUISA HECK *v.* CHRISTIAN VOLLMER, John · F. Heck and John W. Davis.

*Decided December 10th, 1868.*

INJUNCTIONS ; MOTION TO DISSOLVE ; ANSWERS OF SEVERAL DE-FENDANTS ; DISCRETION OF COURT ; ABSENCE OF COMPLAINANT'S SOLICITOR. MARRIED WOMEN ; MUST FILE BILL BY NEXT FRIEND.

The general rule which requires that where there are several defendants to a bill for an injunction, a motion to dissolve should not be heard until they have all answered, has exceptions, and is subject to discretion and modification according to the circumstances of the case.    p. 509

Where all or any particular number of the defendants are implicated in the same charge, and that charge forms the material ground for sustaining the injunction, there the answers of all, or as many as may be so implicated, should be required before dissolving the injunction, unless for some special reasons shown to the contrary.  But if the defendant, against whom the *gravamen* of the charges of the bill rests has fully answered, the injunction may be dissolved, although there be other defendants who have not answered.    p. 510

The absence or neglect of the complainant's solicitor, upon the hearing of a motion to dissolve, furnishes no ground against the dissolution.
    p. 510

Upon a bill filed by a *feme covert*, in her own name, without the intervention of a next friend, an injunction should not be granted.
    p. 511

Appeal from the Circuit Court of Baltimore City.

The bill in this case was filed on the 4th of December, 1867, by the appellant, the wife of John F. Heck, in her own name, against the appellees.  It alleged that the appellee Vollmer had

recovered a judgment against the appellee Heck, in the Court of Common Pleas, and that thereupon execution had been issued, and the same levied by the appellee Davis, Sheriff of Baltimore City, upon the property of the complainant, and that he was about to sell the same in satisfaction of the judgment. The bill prayed that an injunction might issue to restrain the appellees Vollmer and Davis from further proceeding to enforce the judgment. The injunction issued as prayed. On the 4th of January, 1868, Vollmer answered the bill and moved to dissolve the injunction. This motion was assigned for hearing on the 12th of March, *following, and on the 3rd of **508** April following, no counsel appearing for the complainant, and the solicitor for the respondent submitting the case without argument, the injunction was dissolved. A few days afterwards the appellant filed her petition, asking that the order dissolving the injunction might be rescinded. The court (Pinkney, J.,) dismissed the petition, and thereupon the present appeal was taken.

The cause was submitted to Bartol, C. J., Grason, Miller and Alvey, JJ.

*T. R. Clendinen* and *A. W. Wilson,* for the appellant:

The motion to dissolve the injunction should not have been heard until all the defendants had answered, for certainly some measures by rule " further proceedings " or otherwise, should have been taken to compel the answer of the other defendants; this is the ancient and well settled rule.   *Jones v. Magill,* 1 Bland, 177; *Jenifer v. Stone,* 1 *Ib.* 188, note; *McMechen v. Story,* 1 *Ib.* 183, note; *Cape Sable Co.'s Case,* 3 *Ib.* 606. The appellant was entitled to relief by injunction, and the husband was a necessary party defendant, who should have answered. *Bridges v. McKenna,* 14 Md. 258.

The discretion vested in the court with regard to the rescission of an order is a sound legal discretion, and the abuse of it should be a fit subject for an appeal. *Briesch v. McCauley,* 7 Gill, 190; *McPherson v. Israel,* 5 G. & J. 64; *Ringgold's Case,* 1 Bland, 5; Fearne on Remainders, 535; Coke Lit. 237, (*b*); *Thompson v. McKim,* 6 H. & J. 362, and cases there cited; *Union Bank v. Ridgely,* 1 H. & J. 324; *Warfield v. Warfield,* 5 H. & J. 459.

*W. J. Waterman,* for Christian Vollmer:

A motion to strike out a judgment or rescind an order, is one addressed to the sound discretion of the court, and may not be appealed from. *Rutherford v. Gardner,* 15 Md. 579.

**509**　*The matter was properly before the court on bill and answer; and the latter being responsive to the bill, and denying its equities, the law so often pronounced by this court, and so emphatically enforced in *Gelston v. Rullman,* 15 Md. 260, applies that the sworn answer outweighs the bill. The court therefore could not have pursued any other course than dissolve the injunction.

Alvey, J., delivered the opinion of the court.

The appeal was taken in this case, as we suppose, though it does not very distinctly appear, from the order dissolving the injunction.

It is not contended, on this appeal, that the answer of Vollmer does not swear away the equity of the bill, nor that it is in any respect insufficient in its averments to justify the dissolution of the injunction. But it is contended, that because there were two other defendants to the bill, who had not answered, the court below was in error in dissolving the injunction before their answers were filed.

As a general rule, it is no doubt true, that where there are several defendants to the bill, a motion to dissolve the injunction should not be heard until they have all answered. This is so where the injunction has been properly granted in the first instance; for it is competent to the parties affected by the injunction to come in at once, and before answer, and move to dissolve upon the insufficiency of the grounds disclosed by the bill. *Minturn v. Seymour,* 4 John. Ch. 173; *Poor v. Carlton,* 3 Sum. 70.

But this general rule, requiring the answers of all the defendants to be in before motion to dissolve, has exceptions, and is subject to discretion and modification, according to the circumstances of the case; as where those not answering are mere formal parties, or are infants, or non-residents, and whose answers cannot be material in regard to the facts on which the injunction is founded ; there the answers of such parties will not be required as a pre-requisite to hearing the motion.

*Where all, or any particular number, of the defend- **510** ants are implicated in the same charge, and that charge forms the material ground for sustaining the injunction, there the answers of all, or as many as may be so implicated, should be required before dissolving the injunction, unless for some special reasons shown to the contrary. But if the defendant against whom the *gravamen* of the charges of the bill rests has fully answered, there can be no good reason why the injunction should not be dissolved, although there be other defendants who have not answered. *Depeyster v. Graves,* 2 John. Ch. 148; *Vliet v. Lowmason,* 1 Green, Ch. 404.

The general rule and its exceptions, were recognized and well stated, by the late Chancellor Bland, in *Jones v. Magill,* 1 Bland, 190, 193; and the practice in this State, in conformity thereto, may be regarded as well established.

Heck, the husband of the appellant, and the judgment debtor in the execution, though made a party defendant, was not embraced in the injunction, and we may readily suppose that he was not particularly anxious to remove the restraint imposed by it. Both he and the sheriff, so far as the real merits, and the questions in controversy are concerned, are formal parties. And the answer of neither of them could be invoked by the appellant to sustain the injunction as against Vollmer, the judgment creditor. We can, therefore, perceive no reason for requiring the answers of those two defendants to be filed, as a pre-requisite to dissolving the injunction, after the coming in of the answer of Vollmer, the main defendant, and as against whose interest the injunction was designed to operate. Nor was the absence or neglect of the appellant's solicitor, ground against dissolving the injunction. The record shows that the motion to dissolve had been set for the 12th of March; and the order of dissolution states and certifies to this court, that such motion *stood ready for hearing* on the 3rd day of April, the date of the order. Upon this statement of the court below, in the absence of evidence to the contrary, this court must presume that all pre-requisites had been complied with. *Rigden v. Martin,* 6 H. & J. 407. The matter standing *ready for **511** hearing, the appellant should have seen to it that she was represented in court, and ready to show cause against the motion. " The motion," says Chancellor Bland, in *Jones v. Magill,* 1

Bland, 181, " is to dissolve, *unless cause shown by the plaintiff;* and therefore, on the hearing of it the matter is opened by him, then the defendant is heard, and the argument is closed on the part of the plaintiff. If the plaintiff fails to appear and show cause, the injunction may be dissolved on such default, *without any consideration by the court* of the bill and answer, which will become absolute at the close of the sittings of the term unless cause shown. But, if the Chancellor is called on during the sittings, as he may be, *for his judgment upon the motion to dissolve,* and he orders the injunction to be dissolved, then it will not, on any account, be reinstated merely on the same bill and answer."

. In this case the order appears not to have been taken on the default of the appellant without consideration of the motion. The Judge below was called upon for his judgment, and the order of dissolution was passed after " *the proceedings were read and fully considered.*" The appellant was not, therefore, entitled to have the order rescinded, and the injunction reinstated upon her application. Indeed, to dissolve the injunction was the only fate for it, on the answer of Vollmer, in the absence of evidence to sustain the allegations of the bill.

There is another reason why the injunction should have been dissolved, or rather, why it should not have been granted, and that is, that the bill was filed by a *feme covert,* in her own name, without the intervention of a next friend. Since the adoption of the Code, Art. 45, sec. 4, of vol. 1, this is necessary in all cases where a married woman having no trustee, sues without the joinder of her husband in any Court of Law or Equity in this State, for the recovery, or security, or protection o fher property. This is a defect, however, that may be obviated by proper amendment.

*Order affirmed.*