BERNARD J. COSTER *v.* DEPARTMENT OF
PERSONNEL, STATE OF MARYLAND, ET AL.

[No. 1100, September Term, 1976.]

*Decided June 14, 1977.*

The cause was argued before MOYLAN, DAVIDSON and
MOORE, JJ.

*Benjamin Lipsitz* with whom was *Eleanor J. Lipsitz* on the brief, for appellant.

*A. Gwynn Bowie, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William M. Huddles* and *James F. Truitt, Jr., Assistant Attorneys General,* on the brief, for appellees.

MOYLAN, J., delivered the opinion of the Court.

This is an appeal by Bernard J. Coster from an order of the Circuit Court of Baltimore City dissolving a temporary injunction restraining the appellees from terminating his employment at Baltimore-Washington International Airport (BWI).

The appellant was hired on or about September 17, 1975, under the Classified Service of the Maryland State Department of Personnel to work as an airport operations manager at BWI, a facility operated by the State Aviation Administration of the Maryland Department of Transportation. Pursuant to Md. Code, Art. 64A (Merit System), § 33, he was placed on probationary status for a period of six months. On or about February 22, 1976, his immediate supervisor, Daniel W. Riordan, one of the appellees herein, submitted an unsatisfactory "Probation & Annual Efficiency Rating Report" on him, which resulted in an extension of his probationary status for an additional six months, up to and including September 17, 1976. On July 1, 1976, Mr. Riordan informed the appellant that his employment would be terminated on August 31, 1976.

On July 30, 1976, the appellant filed a grievance under the grievance procedure specified by the Department of Personnel. On August 31, 1976, he filed a bill of complaint for an injunction restraining the appellees from terminating his employment pending a determination of the merits of the case. In his bill, he stated that his grievance was then on the third step of the five-step grievance procedure. He further alleged that the actions of the appellees were "arbitrary," "capricious" and "without cause" and that, unless an injunction was issued, he would "suffer

substantial, immediate and irreparable injury, for which he has no adequate remedy at law." On the same day, pending a hearing on the matter, a temporary injunction was granted for ten days. The temporary injunction was subsequently extended on September 10, 1976, for an additional ten-day period.

Meanwhile, on September 9, the appellees filed a motion to dissolve the ex parte injunction, contending that the bill did not contain facts to support appellant's claim of substantial, immediate and irreparable injury for which there was no adequate remedy at law and that, as a probationary employee, the appellant's employment could be terminated without cause. On September 20, 1976, following a hearing on the matter, the injunction was dissolved.

The appellant argues that the lower court erred in dissolving the temporary injunction restraining the State Aviation Administration from terminating his employment because, even if he was still a probationary employee, the agency could not terminate his employment without cause. The appellees, on the other hand, argue that appellant was still a probationary employee and that, under Maryland Code, Art. 64A, § 33, a probationary employee may be terminated without cause.

In deciding whether the temporary injunction was properly dissolved, however, it is unnecessary, in the posture of this case, for us to reach the questions whether the appellant was still a probationary employee and what rights a probationary versus a permanent employee under the Maryland State Classified Service enjoys. The appellant sought the injunction on the ground that if his employment was terminated, he would "suffer substantial, immediate and irreparable injury, for which he has no adequate remedy at law." In discussing irreparable injury as a grounds for injunctive relief, 42 Am.Jur.2d, *Injunctions*, § 48, states:

> "A court of equity reserves its injunctive process for the protection of property or other rights against actual or threatened injuries of a substantial character which cannot be adequately

remedied in a court of law. That is to say, the jurisdiction or power to grant injunctive relief should be exercised only when intervention is essential to effectually protect property or other rights, of which equity will take cognizance, against irreparable injuries. The very function of an injunction is to furnish preventive relief against irreparable mischief or injury, and the remedy will not be awarded where it appears to the satisfaction of the court that the injury complained of is not of such character. Suitors may not resort to a court of equity to restrain acts, actual or threatened, merely because they are illegal or transcend constitutional powers, unless it is apparent that irremediable injury will result. The mere assertion that apprehended acts will inflict irreparable injury is not enough. The complaining party must allege and prove facts from which the court can reasonably infer that such would be the result."

42 Am.Jur.2d, *Injunctions,* § 49, defines "irreparable injury" as follows:

"As ordinarily understood, an injury is irreparable, within the law of injunctions, where it is of such a character that a fair and reasonable redress may not be had in a court of law, so that to refuse the injunction would be a denial of justice — in other words, where, from the nature of the act, or from the circumstances surrounding the person injured, or from the financial condition of the person committing it, it cannot be readily, adequately, and completely compensated for with money."

At the time of the hearing on the motion to dissolve the injunction, the appellant was pursuing the grievance procedure available to him under the pertinent Department of Personnel Policy. See 60 Opinions of the Attorney General 545 (1975). Regardless of what rights probationary versus a permanent employee enjoys, and regardless of appellant's

status in the Classified Service at the time of his separation, if he is successful under that grievance procedure, he would be entitled to reinstatement in his position and full back pay for the entire period of his separation. State Employees Personnel Rules, Rule 06.01.00.50. In effect, if his claim is meritorious, the relief he will receive will be adequate and as full and complete as the injunction would afford him. His allegation of irreparable injury, therefore, has no foundation. Under the circumstances, this was not a case for equity to assume jurisdiction. *Mayor and Council of Salisbury v. Camden Sewer Co.*, 135 Md. 563, 109 A. 333.

The appellant, however, makes one final argument. He contends that the temporary injunction should not have been dissolved upon the appellees' motion because no answer was filed to his bill of complaint. He argues that the allegations of his bill provided a sufficient basis for a temporary injunction and that since these allegations were not controverted by answer, the injunction should have been continued until determination of the merits of the cause. The appellant's contention has no merit. The allegations of his bill did not provide a basis for injunctive relief. Where the allegations are insufficient, there is no requirement that an answer be filed before an injunction is dissolved.

Regarding ex parte temporary injunctions, Md. Rule BB72 b provides, in pertinent part:

> "An ex parte injunction shall be served forthwith on the adverse party by the quickest possible means; it shall give the adverse party leave to move for a hearing on not more than two days' notice; and it shall expire by its terms within such time after entry as the court may fix. Such time shall not exceed ten days. . . . The court may within the time so fixed, for good cause shown, extend such time for one like period. . . ."

Md. Rule BB79 provides:

> "Any party to the action, party in interest or party against whom an injunction may issue, may move to have it modified or dissolved."

*Heck v. Vollmer*, 29 Md. 507, 509, stated:

> "As a general rule, it is no doubt true, that where there are several defendants to the bill, a motion to dissolve the injunction should not be heard until they have all answered. This is so where the injunction has been properly granted in the first instance; for *it is competent to the parties affected by the injunction to come in at once, and before answer, and move to dissolve upon the insufficiency of the grounds disclosed by the bill.*" (Emphasis supplied)

In effect, a motion to dissolve a preliminary or temporary injunction, filed before an answer to the bill, operates as a demurrer. 43 C.J.S., *Injunctions*, § 249 provides:

> "On a motion to dissolve a preliminary injunction before answer or any evidence, or at any time for want of equity in the bill, the allegations of fact properly made in the bill will be taken as true, and the injunction or restraining order dissolved or not according to whether the complaint or bill shows sufficient grounds for it, at least where no other sound reason for dissolution is presented. In this respect the motion operates the same as a demurrer. All amendable defects in the bill may be considered, for the purposes of the motion, as having been amended."

Therefore, for purposes of passing on the motion to dissolve, even accepting appellant's allegations of fact — that the actions of the appellees were arbitrary, capricious and without cause — as true, his bill, nevertheless, failed to show that he would suffer irreparable injury. The grievance procedure available to him under the Maryland Department of Personnel provides an adequate remedy. The injunction was properly dissolved.

*Judgment affirmed; costs to be paid by appellant.*