**DON'T TEAR IT DOWN, INC.,**
Appellant,

v.

**DISTRICT OF COLUMBIA and Howard
P. Foley Co., Appellees.**

No. 12686.

District of Columbia Court of Appeals.

Argued Sept. 13, 1978.
Decided Nov. 6, 1978.

David Z. Sadoff, Washington, D. C., with whom David Bonderman, Washington, D. C., was on the brief, for appellant.

Dennis McDaniel, Asst. Corp. Counsel, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel when the brief was filed, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellee District of Columbia.

William L. Fallon, Washington, D. C., with whom William J. Butler, Jr., Frank M. Northam, and Mitchell W. Dale, Washington, D. C., were on the brief, for appellee Howard P. Foley.

Before GALLAGHER, HARRIS, and MACK, Associate Judges.

HARRIS, Associate Judge:

Appellant Don't Tear It Down, Inc., sought the issuance of a preliminary injunction directed against appellees to delay or prevent the destruction of a historic landmark.[1] The trial court denied the motion for a preliminary injunction, but thereafter did grant a motion to enjoin appellees pending this appeal. We vacate the denial of the motion for a preliminary injunction and remand the case for further proceedings.

I

In October of 1976, Howard P. Foley Company (Foley) applied to the District of Columbia government for a permit to demolish a building which it owns at 2030 I Street, N.W. The structure in question is a former residence which has been designated a historic landmark on the inventory of historic sites of the District.[2] As such, it is to be afforded protection under D. C. Regulation 73–25 (Title 5A–1, § 109.10, D. C. Building Code), which provides for delay in the demolition of a historic landmark to give an opportunity to interested persons to "negotiate" in an effort to preserve the structure.[3] On December 17, 1976, in compliance with the regulation, the Mayor's designated agent ordered a delay of the demolition for a period of 180 days. Copies of that order were mailed to appellant and other interested parties.

On June 14, 1977, which was the 179th day of the delay interval, a public meeting was held for the purpose of advancing and discussing potential means of saving the building. Prior to that time, for reasons which are not apparent from the record, no exchange of ideas between the city and the interested parties had taken place. As a result, no substantive alternatives to demolition were presented, and all of the parties agreed voluntarily to a 30-day extension to permit further negotiations. On July 8 (the 24th day of this second period of delay), the District forwarded to Foley certain infor-

1. The appellant, Don't Tear It Down, Inc., is a nonprofit citizens' organization which was formed for the purpose of preserving historic and "architecturally significant" structures within the District.

2. That listing is part of a comprehensive historic preservation survey and plan prepared pursuant to the National Historic Preservation Act, 16 U.S.C. § 470 et seq. (1970).

3. Regulation 73–25 reads in pertinent part as follows:

Before the Director may issue a permit to demolish or alter the exterior of . . . a building or structure listed on the city's inventory of historic sites . . . the Director shall submit the application for a permit to the Commissioner of the District of Columbia and shall place notice of the application for a permit in the District of Columbia Register. The Commissioner, or his designated agent, acting with the advice of the District of Columbia Professional Review Committee for nominations to the National Register of Historic Places . . . shall within sixty (60) days determine whether the alteration or demolition of the building, structure or place is contrary to the public interest and should be delayed for a designated period of up to 180 days following such determination to permit the District of Columbia's State Historic Preservation Officer and the Professional Review Committee to negotiate with the owner or owners of the building, structure or place and civic groups, public agencies, and interested citizens to find a means of preserving the building, structure or place. Before issuing any order delaying such demolition or alteration, the Commissioner or his designated agent shall afford the applicant and any interested parties an opportunity to offer any evidence they may desire to present concerning the proposed order.

mation regarding tax incentives and government grants-in-aid available to owners of historic sites. Apparently these and other alternatives were discussed at a second public meeting on July 12.[4] Once again no headway was made.[5]

Subsequently, a demolition permit was issued to Foley. Demolition was temporarily restrained on motion by appellant, and the permit was revoked because of certain technical misrepresentations in the original application. On September 12, 1977, appellant was informed by the District that Foley had applied for a new permit which would be granted if it were found to be accurate. In response, appellant once again sought and obtained a temporary restraining order barring issuance of the demolition permit.

At the hearing to extend the restraining order by a preliminary injunction, appellant made two contentions to the trial court. First, appellant argued that although some negotiations had occurred between the parties, they were not "meaningful" negotiations. Thus, it was contended, Regulation 73–25 had not been complied with.[6] Second, it was urged that the District had no authority to issue the "new" permit to Foley without again referring the entire matter back to the State Historic Preservation Officer for a wholly new Regulation 73–25 procedure. Appellant also asserted that the normal prerequisites for a preliminary injunction had been met. No testimony or affidavits were presented to the trial court.

Based on arguments and the extremely limited record before it, the court denied the preliminary injunction, stating in part:

[T]he plaintiff's likelihood to succeed in this case is without merit. Second, that the plaintiff will not suffer any irreparable injury; third, that the defendant Foley Company will suffer irreparable injury, and the public interest will not be adversely affected by denying the motion.

Additionally, the court found that the negotiations which had taken place were "meaningful."

## II

We have noted that in deciding whether to grant a preliminary injunction, the trial court must be satisfied that the moving party (who has the dual burdens of proof and persuasion) has demonstrated:

(1) that there is a substantial likelihood he will prevail on the merits; (2) that he is in danger of suffering irreparable harm during the pendency of the action; (3) that more harm will result to him from the denial of the injunction than will result to the defendant from its grant; and, in appropriate cases, (4) that the public interest will not be disserved by the issuance of the requested order. [*Wieck v. Sterenbuch*, D.C.App., 350 A.2d 384, 387 (1976) (footnote omitted).]

Further, we have pointed out that our role on review is not to resolve the merits of the underlying dispute between the litigants. *Id.*, at 387. *See A Quaker Action Group v. Hickel*, 137 U.S.App.D.C. 176, 180, 421 F.2d 1111, 1115 (1969). Rather, we are to

(1) [examine] the trial court's findings and conclusions to see if they are sufficiently supported by the record; (2) [assure] that the trial court's analysis re-

---

4. An informal private negotiating session subsequently was held on July 18, but appellant was not present.

5. The record is virtually silent as to the extent of the negotiations that took place or the length of time Foley actually had to consider the information provided by the District. Transcripts of the meetings were not in the possession of the trial court, and they were not offered in evidence by any of the parties. Hence, they were not read by the trial court and are not in the record on review.

6. In his various opinions and orders in *Dunbar High School Alumni Ass'n v. District of Columbia*, 105 W.L.R. 745, 105 W.L.R. 817, and 105 W.L.R. 1213 (1977), then-Chief Judge Greene construed Regulation 73–25 to require "meaningful" negotiations. In light of our disposition of this case, we do not reach the question of the proper construction of Regulation 73–25 or its relation to other provisions of the building code.

flects a resolution of all the issues which necessarily underlie the issuance of an injunction; and (3) [inquire] into any other claims of an abuse of discretion by the trial court. [*Wieck v. Sterenbuch, supra*, at 387.]

However, where the action of the trial court turns on a question of law or statutory interpretation, we may reach the merits of the controversy. *District Unemployment Compensation Board v. Security Storage Co.*, D.C.App., 365 A.2d 785, 787 (1976), *cert. denied*, 431 U.S. 939, 97 S.Ct. 2651, 53 L.Ed.2d 256 (1977). *See Delaware & Hudson Railway v. United Transportation Union*, 146 U.S.App.D.C. 142, 159, 450 F.2d 603, 620 (1971). *Cf. Perry v. Perry*, 88 U.S.App. D.C. 337, 338–39, 190 F.2d 601, 602–03 (1951) (court may ignore trial judge's findings where evidence is documentary or deals with undisputed facts).

The foregoing requirements and standards of review, however, are predicated upon the existence of a proper record from the trial court. In granting or denying a motion for a preliminary injunction, findings of fact and conclusions of law are required by Super.Ct.Civ.R. 52(a).[7] *See Mayo v. Lakeland Highlands Canning Co.*, 309 U.S. 310, 316, 60 S.Ct. 517, 84 L.Ed. 774 (1940); *First-Citizens Bank & Trust Co. v. Camp*, 432 F.2d 481, 483–84 (4th Cir. 1970); C. Wright, Law of Federal Courts § 96 at 429 (2d ed. 1970). Without them, any ruling on our part as to the trial court's decision would be an exercise in speculation. In an analogous situation under Super.Ct.

Civ.R. 41(b), the lack of sufficient findings has on several occasions precluded us from undertaking further review.[8] *See Keefer v. Keefer and Johnson, Inc.*, D.C.App., 361 A.2d 172, 176 (1976); *Warner Corp. v. Magazine Realty Co.*, 255 A.2d 479, 481 (1969).

▮ Although findings are not required when there is no factual dispute, *First-Citizens Bank & Trust Co. v. Camp, supra*, at 484; *Urbain v. Knapp Brothers Manufacturing Co.*, 217 F.2d 810, 816 (6th Cir. 1954), *cert. denied*, 349 U.S. 930, 75 S.Ct. 772, 99 L.Ed. 1260 (1955), or where the record clearly reflects the grounds of the trial court's decision, *Warner Corp. v. Magazine Realty Co., supra*, at 481 n.4; *Leighton v. One William Street Fund, Inc.*, 343 F.2d 565, 567 (2d Cir. 1965), neither of these exceptions applies in this instance. There are several disputed factual issues, which may be framed in terms of the prerequisites for injunctive relief: How was the balance of harm to the plaintiff against harm to the defendant struck? It appears, and indeed Foley acknowledges, that appellant would suffer both irreparable harm and harm to a greater extent than Foley, since once the permit is issued the building will be razed. The record does not indicate that Foley made any specific allegation of irreparable harm, and, as noted, affidavits or testimony on this subject were not even tendered to the trial court.[9] There is a similar paucity of information as to how the interests of the public would be affected by demolishing a historic structure. (Nonetheless, of course, the building is owned by Foley; the required negotiations are intended only to

---

**7.** Rule 52(a), which is substantially similar to federal rule 52(a), provides in pertinent part: Unless expressly waived by all parties, the court shall state findings of fact specially and state separately its conclusions of law in every action tried upon the facts without a jury . . . . . In granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action.

**8.** Super.Ct.Civ.R. 41(b) provides in relevant part:

(b) Involuntary Dismissal: Effect Thereof. . . . . After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defend-

ant . . . may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. . . If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). . . .

**9.** As we noted in *Wieck, supra*, at 387–88, on a motion for preliminary injunction "the most important inquiry is that concerning irreparable injury. This is true because the primary justification for the issuance of a preliminary injunction 'is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits.' *Canal Authority v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)." (Footnote omitted.)

permit the exploration of alternatives to demolition.) Finally, the facts are sketchy concerning the likelihood of appellant's succeeding on the merits. It is true that an affidavit describing the chronology of negotiations was submitted by the District along with its opposition to the motion for a preliminary injunction. That affidavit, however, does not detail what actually transpired during the meetings. Moreover, there is no indication that the trial court relied on the affidavit. Indeed, the most cogent evidence of the negotiations which were conducted—the transcript of the public meetings—was not offered into evidence at the hearing.

In sum, the record does not provide an adequate basis for determining the correctness of the trial court's ruling, and the court's summary conclusions do not provide the necessary insight. A proper resolution of the factual disputes requires specific findings and conclusions. Accordingly, we set aside the denial of the motion for a preliminary injunction and remand the case for further proceedings.[10]

*Vacated and remanded.*

---

**10.** At the hearing on the motion for a preliminary injunction, the government urged denial upon the trial court. It prevailed in asserting that position. Before us, however, the District has sought to reverse its position and contend that the injunction should have been issued.

The government filed no appeal, and it has no right in this proceeding to attack the ruling in its favor. *See Swarb v. Lennox,* 405 U.S. 191, 201, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). On remand, however, it will be free to take a modified position if it so elects.