**FAMILY FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant,**

v.

**Aloma KING, et al., Appellees.**

**No. 84–987.**

District of Columbia Court of Appeals.
Argued June 27, 1985.
Decided Aug. 23, 1985.

Billy R. Hicks, Springfield, Va., for appellant.

Louis J. Fiechtner, Arlington, Va., for appellees. Edmund Matricardi, Springfield, Va., was on the brief for appellees.

Before MACK, BELSON and ROGERS, Associate Judges.

PER CURIAM:

This case involves an appeal from a preliminary injunction enjoining appellant, Family Federal Savings and Loan Association, from foreclosing on a first trust note on real property located at 2445 39th Place,

N.W. We remand for a clarification of the basis of the court's order.

Appellees' predecessor in interest, Mrs. Anna Sherman, agreed to sell the property in September 1981 to Edgar and Judith Weisman. The contract called for the Weismans to pay by $41,991.67 in cash and a promissory note of $99,990.00 to be secured by a second deed of trust on the property. Mrs. Sherman subsequently assigned the mortgage to herself and appellees, Aloma King, her niece, as joint tenants. Appellees are Aloma King and Lawrence J. King, the administrator of Anna Sherman's estate.

Unbeknownst to appellees,[1] Aetna Mortgage Company, through its counsel, who had acted in the capacity of settlement attorney with appellees, had obtained a first mortgage in the amount of $98,000.00 senior to appellees' mortgage. According to testimony before the motions judge, this first trust was never disclosed to appellees or their counsel or broker, either orally or in the settlement papers which included at least one form (HUD No. 1) where such disclosure was mandatory. When the Weismans defaulted in their payments, appellant, as holder of the first mortgage,[2] attempted to foreclose on the property. The foreclosure was stayed once pursuant to a declaration of bankruptcy by the Weismans. Appellant again initiated foreclosure proceedings in which appellees obtained the preliminary injunction at issue here.

In deciding whether to grant a preliminary injunction, the trial court must be satisfied that the moving party has demonstrated that: (1) there is a substantial likelihood he will prevail on the merits; (2) he is in danger of suffering irreparable harm during the pendency of the action; and (3) more harm will result to him from

1. Appellees have sued various parties in connection with this transaction. *See* CA 2258–82. They initially attempted to join appellant, but their motion was denied. Appellees later sued appellant in a separate civil action, CA 13517–84, and motions to consolidate these actions are pending.

2. Appellant purchased the first mortgage from Aetna Mortgage Company, the company securing the First Deed of Trust from the Weismans.

the denial of the injunction than will result to the defendant from its grant. *Don't Tear It Down, Inc. v. District of Columbia,* 395 A.2d 388, 390 (D.C.1978); *Wisconsin Avenue Associates v. 2720 Wisconsin Avenue Corp.,* 385 A.2d 20, 23 (D.C.1978); *Wieck v. Sterenbuch,* 350 A.2d 384, 387 (D.C.1976). Our role on review is not to resolve the merits of the underlying dispute between the litigants, *Don't Tear It Down, supra,* at 309; *A Quaker Action Group v. Hickel,* 137 U.S.App.D.C. 176, 180, 421 F.2d 1111, 1115 (1969); *Wieck v. Sterenbuch, supra,* 350 A.2d at 387, but to: (1) examine the trial court's findings and conclusions to see if they are sufficiently supported by the record; (2) assure the trial court's analysis reflects a resolution of all the issues which necessarily underlie the issuance of the injunction; and (3) inquire into any other claims of an abuse of discretion by the trial court. *Don't Tear It Down, supra,* 395 A.2d at 390–91; *Wisconsin Avenue Associates, supra,* 385 A.2d at 23; *Wieck v. Sterenbuch, supra,* 350 A.2d at 387.

 In granting or denying a motion for a preliminary injunction, specific findings of fact[3] and conclusions of law are required by Super.Ct.Civ.R. 52(a) and 65(d).[4] Where the trial court has not made specific findings pursuant to Rules 52(a) and 65(d), this court will nevertheless uphold a trial court's decision if it is clearly supported by the record. *See Stamenich v. Markovic,* 462 A.2d 452, 457 (D.C.1983) (trial court reversed where no findings of fact or conclusions of law made regarding irreparable injury but only one conclusion ascertainable from record); *Wisconsin Avenue Associates, supra,* 385 A.2d at 23 (not written findings but ample record, reasoning of court revealed in transcript, and many facts uncontroverted sufficient to affirm trial court's ruling). However, where facts necessary to determine the prerequisites for injunctive relief are controverted by the parties, this court cannot conclude that the record clearly reflects the grounds of the trial court's decision. *See Don't Tear It Down, supra,* 395 A.2d at 391.

Facts clearly remain at issue, specifically those relating to appellees' likelihood of success on the merits and the existence of a threat of irreparable injury by the foreclosure. Appellees claim the sales transaction should be voided because it was tainted with fraud, and some of the testimony appears to support this claim. They claim in the underlying case that Mrs. Sherman was defrauded by various persons associated with the buyers, with the result that she accepted a misrepresented second trust and note as part of the proceeds of the sale. Mrs. Sherman's attorney testified that the Weismans' attorney had admitted after the sale he had purposefully withheld the existence of the first trust from Mrs. Sherman and purposefully not listed it on the required forms. On the other hand, the appellants' Vice President testified that the same attorney concealed the existence of the second trust from him at the time he

---

3. Although findings of fact are not required when there is no factual dispute, *Don't Tear It Down, supra,* 395 A.2d at 391 and cases cited therein, this exception does not apply here.

4. Super.Ct.Civ.R. 52(a) provides in relevant part:
 (a) Effect. Unless expressly waived by all parties, the court shall state findings of fact specially and state separately its conclusions of law in every action tried upon the facts without a jury .... In granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action.... Such findings of fact and conclusions of law may be in writing or may be stated orally in open court if recorded stenographically or by other means approved by the court and shall be sufficient if they state the controlling factual and legal grounds of decision.

 \* \* \* \* \* \*

Super.Ct.Civ.R. 65(d) provides in relevant part:
 (d) Form And Scope Of Injunction Or Restraining Order. Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained[.]

 \* \* \* \* \* \*

**118**

was deciding whether appellant should assume the first trust.[5]

■ Because the motions judge merely found appellees "demonstrated a likelihood of success on the merits of the underlying complaint" without specifying whether his conclusion was based on a finding that appellees might be able to prove fraud at trial or rested on some other basis, we have no way of verifying the trial court's decision in the record. Indeed it is unclear from the record whether appellant is a party to the underlying litigation in which the injunction was issued. *See supra* note 1. Remand is an especially appropriate remedy where the facts at issue involve equity issues, such as fraud. *Eden v. Lauriat*, 103 U.S.App.D.C. 2, 3, 254 F.2d 339, 340 (1958). Equally unclear is the motions judge's finding on irreparable injury. As ordinarily understood, irreparable injury occurs when the injury is of such character that fair and reasonable redress may not be had in a court of law so that refusal to grant an injunction would be a denial of justice, i.e., the party seeking redress cannot be adequately, readily, and completely compensated by money. *Coster v. Department of Personnel*, 36 Md.App. 523, 373 A.2d 1287 (1977). This issue is contested by the parties on several grounds. The motions judge's order does not specify on what basis his decision rests, and we are unable to determine it from the record.

■ Although the motions judge advised the parties that a memorandum opinion would be entered, none is in the record before us. Accordingly, we remand the case to the motions judge for clarification of the basis of his decision, including the status of appellant as a party, and for such other action as he may deem appropriate.[6] The injunction shall remain in effect pending further order of the motions judge.

*Remanded.*

5. In the second amended complaint filed in CA 2258–82, in which the attempt to join appellant was unsuccessful, appellees did not allege any wrongdoing by appellant.

6. In view of our disposition, we do not address appellant's claim that the bond of $1000 is inadequate, Super.Ct.Civ.R. 65(c), a matter which can be addressed upon remand by the motions judge.