**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

v.

**LOCKHEED ELECTRONICS COMPANY, INC., Houston Aerospace Systems Division.**

**Civ. A. No. H–78–949.**

United States District Court, S. D. Texas, Houston Division.

Nov. 20, 1978.

Wilhemena L. Mitchell, Equal Employment Opportunity Commission, Denver, Colo., for plaintiff.

Frank J. Knapp, Michael W. Fox, Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for defendant.

MEMORANDUM:

SINGLETON, District Judge.

The plaintiff, Equal Employment Opportunity Commission (hereinafter referred to as "the Commission"), has filed this action for preliminary relief pursuant to 42 U.S.C. § 2000e–5(f)(2), a part of what is commonly referred to as "Title VII." The Commission alleges that the defendant, Lockheed Electronics Company, Inc. (hereinafter referred to as "Lockheed"), retaliated against Mrs. Rose McDonald Battle because she filed charges of racial discrimination with the Commission against Lockheed, her employer. The retaliatory action is said to be Mrs. Battle's termination as an employee of Lockheed on May 5, 1978.

■ Section 2000e–5(f)(2), *supra,* provides for temporary or preliminary relief in accordance with the provisions of Fed.R. Civ.P. 65. The Fifth Circuit in *Blackshear Residents Organization v. Romney,* 472 F.2d 1197 (5th Cir. 1973), set out the factors to be considered in determining whether preliminary injunctive relief is appropriate, *i. e.*

(1) whether the plaintiff is likely to prevail on the merits;

(2) whether the plaintiff is in danger of suffering irreparable harm;

(3) whether the potential harm to the defendant from issuance of the injunction outweighs the possible harm to the plaintiff if injunctive relief is denied; and

(4) whether issuance of a preliminary injunction will serve the public interest.

A hearing was held on November 7, 1978, to determine whether these four elements could be established by the plaintiff and thus preliminary relief be granted. After careful consideration, the court finds the relevant facts to be the following.

■ Mrs. Battle was employed by Lockheed in May of 1974 as a Computer Programmer Associate, Senior. On or about July 19, 1976, Mrs. Battle filed a charge with the Commission alleging racial discrimination against herself and other black employees of Lockheed. That charge was amended on August 30, 1976. On May 5, 1978, Mrs. Battle was involuntarily dismissed from employment with Lockheed, and on May 8, 1978, she filed a second charge with the Commission alleging that she had been terminated from employment in retaliation for having filed the previous charges in 1976.

Mrs. Battle was trained by Lockheed to perform computer programming and she performed in that capacity throughout her term of employment.

Sometime within four months after her employment commenced, Mrs. Battle had personality conflicts with several of her superiors, e. g., Jim Wilson, Pal Hinson, Ken Williams, and co-workers. The first year Mrs. Battle worked for Lockheed she failed to report for work on time and was reprimanded by her superiors for this tardiness. In February of 1978, a disciplinary order, called an EPN, was issued to Mrs. Battle complaining of, *inter alia*, her lengthy lunch periods, excessive use of the telephone, and her error in having entertained nonbusiness-related guests in her office. The EPN stated that Mrs. Battle would be terminated if these problems were not corrected.

About May 8, 1978, three days after termination with Lockheed, Mrs. Battle began working with her husband and was injured on May 12, 1978. Approximately October 10, 1978, she resumed work as a computer programmer in a position and at a salary higher than what she had received at Lockheed.

At the time Mrs. Battle began work in 1976, Lockheed had a contract to do programming for NASA at Johnson Space Center. Mrs. Battle did programming on this contract. Sometime during the summer of 1978, the employees of Lockheed who had been working to fulfill this contract learned that another company ("CSC") had outbid Lockheed for the contract. By September "CSC" had hired most, if not all, of the former Lockheed employees who had worked on the NASA contract as programmers.

Mrs. Battle has a history of employment difficulties. She has filed EEOC charges or complaints against Harris County Community Action Association (where her superior was a black woman), Investors Diversified Services, the Earhart Division of "Procon, Inc.," and a company identified as TRW. The latter case resulted in a trial earlier this year involving the same charges contained in the present case.

In addition, Mrs. Battle filed a personal injury suit against her supervisor at "Procon, Inc.," following an altercation between the two upon Mrs. Battle's discharge from employment.

Having made the above findings of fact, this court cannot conclude that preliminary relief is appropriate.

There was nothing adduced at the hearing which indicates racially discriminatory practices on the part of Lockheed. It appears very unlikely from the evidence now before the court that the plaintiff could prevail on the merits at a future trial.

■ In addition, there is no evidence of irreparable injury to Mrs. Battle or the Commission. The individual plaintiff, Mrs. Battle, has an adequate remedy at law as provided in section 2000e–5(g). This section provides for reinstatement and back pay, which are the remedies presently sought for Mrs. Battle's benefit.

■ The argument has been made that retaliatory actions on the part of an employer causes irreparable harm to the Com-

mission. If employees fail to file complaints with the Commission fearing their employers will take retaliatory action, the integrity of the Commissions administrative process is jeopardized.

Without considering the appropriateness of the Commission's utilizing this section to strengthen its effectiveness, it is certain that the facts in this case will not support the request for injunctive relief. There has been no evidence that there are employees of Lockheed who did not file charges for fear of retaliation or who did file charges and were fired in retaliation.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that plaintiff's application for preliminary relief be, and the same is, DENIED.

DONE at Houston, Texas, on the (20th) day of November, 1978.