## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

## BAY SHIPBUILDING CORPORATION, a Subsidiary of the Manitowoc Company, Inc., Defendant.

### Civ. A. No. 79–C–870.

United States District Court,
E. D. Wisconsin.

Dec. 19, 1979.

Nelson G. Alston, Supervisory Trial Atty., Barry L. Chaet, Senior Trial Atty., Isaia S. Ortiz, Trial Atty., Equal Employment Opportunity Commission, Milwaukee, Wis., for plaintiff.

Sara Joan Bales, Legal Services of Northeastern Wisconsin, Inc., Green Bay, Wis., for charging party Ann Marie Keller.

Clifford B. Buelow, Milwaukee, Wis., for defendant.

## MEMORANDUM DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for injunctive relief brought by the Equal Employment Opportunity Commission (the "Commission") against the Bay Shipbuilding Corporation ("Bay"). The Commission seeks an order compelling Bay to reinstate Ann Marie Keller to her former position with the company. The Commission bases its request on the allegation that Ms. Keller was discharged because she opposed Bay's discriminatory employment practices. Currently before the court is the Commission's motion for a preliminary injunction.

The parties have submitted a set of stipulated facts, and further testimony was presented at a hearing held on November 30, 1979. The pertinent facts can be summarized as follows. Ms. Keller was hired by Bay as a security guard in November 1977. Soon after she was hired, she applied for admission to an electrician's training program operated by Bay. She was denied admission on the ground that she did not have a high school diploma. On July 26, 1978, she filed a charge of sex discrimination with the Commission. The same charge was filed with the Wisconsin Equal Rights Division on July 31, 1978. On July 11, 1979, Ms. Keller amended her charge with the Commission to allege classwide discrimination.

Ms. Keller continued to seek admission to the training program, and, in furtherance of this goal, she made a number of telephone calls to top company officials including the president of Bay and the president of Bay's parent, the Manitowoc Company. These calls were made on September 5 and 6, 1979. On September 10, 1979, Ms. Keller was discharged for "disruptive behavior."

The Commission's authority to seek preliminary injunctive relief on behalf of a charging party, such as Ms. Keller, is contained in 42 U.S.C. § 2000e–5(f)(2) which provides:

"Whenever a charge is filed with the Commission and the Commission concludes on the basis of a preliminary investigation that prompt judicial action is necessary to carry out the purposes of this Act, the Commission * * * may bring an action for appropriate temporary or preliminary relief pending final disposition of such charge. Any temporary restraining order or other order granting preliminary or temporary relief shall be issued in accordance with rule 65 of the Federal Rules of Civil Procedure. * * * "

The parties are not in agreement as to the standards governing motions for preliminary relief brought pursuant to this statute. More specifically, the question is whether the Commission must make a special showing of irreparable injury in order to prevail on its motion.

There are some indications that actions brought by the Commission pursuant to § 2000e–5(f)(2) are not governed by the same standards that govern traditional requests for preliminary relief. In *Equal Employment Opportunity Commission v. Pacific Press Publishing Association,* 535 F.2d 1182, 1187 (9th Cir. 1976), the Ninth Circuit made the following observations:

" * * * Unlike the more traditional route to preliminary injunctive relief, the usual requirement of irreparable injury is relaxed because of the statutory authority granted to EEOC to seek judicial relief against Title VII violations. * * * Furthermore, while the injunction runs to the direct benefit of the charging parties, the district court here looked to the injury to EEOC and the public interest and not to the charging parties. This type of inquiry in effect mandates the grant of a preliminary injunctive whenever the EEOC seeks it under § 2000e–5(f)(2) so long as its procedural requirements are met."

At least one district court has held that in § 2000e–5(f)(2) actions, the traditional equitable standards do not apply. In *Equal Employment Opportunity Commission v. Union Bank of Arizona,* 12 F.E.P. 527 (D.Ariz.1976), the Court stated:

"Section [2000e–5(f)(2)] provides statutory authority for preliminary relief to protect the jurisdiction of the Commission during the pendency of charges before it. Since it is a wholly statutory remedy, the traditional standards for determining entitlement to preliminary injunctive relief are not applicable. * * *

"The standards for granting preliminary relief under [§ 2000e–5(f)(2)] are established by the language of the Act itself. In this action, the plaintiff must show that:

"(a) A charge of discrimination was filed with the Commission;

"(b) After conducting a preliminary investigation, the Commission concluded that prompt judicial action was necessary to carry out the purposes of the Act; and

"(c) A prima facie case that defendant committed or is likely to commit serious violations of the Act which will, if not enjoined, frustrate its purpose."

Some district courts, however, have applied the traditional standards in § 2000e–5(f)(2) actions without mention of the alleged lesser standard. See *Equal Employment Opportunity Commission v. Lockheed Electronics Co.,* 461 F.Supp. 242 (S.D.Tex. 1978); *Equal Employment Opportunity Commission v. Tufts Institute,* 421 F.Supp. 152 (D.Mass.1975).

Defendant puts great reliance on *Ekanem v. Health & Hospital Corporation of Marion County,* 589 F.2d 316 (7th Cir. 1978). In that case, the Seventh Circuit held at 319:

"To succeed in obtaining a preliminary injunction, a plaintiff seeking reinstatement in an employment case, like any other plaintiff, 'must establish a reasonable probability of success on the merits, irreparable injury, the lack of serious adverse effects on others, and sufficient public interest.' * * * "

The Court also emphasized the difficulty of proving irreparable harm in situations in which a plaintiff has been dismissed from his employment. According to the court, the back pay provisions of Title VII give a plaintiff who has been illegally discharged an adequate remedy at law in all but the most "extraordinary" cases. *Id.,* at 322. See also *Sampson v. Murray,* 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed. 166 (1974).

■ It should be noted that *Ekanem* was a suit brought by a private plaintiff, not a § 2000e–5(f)(2) action initiated by the Commission. Nonetheless, in view of the *Ekanem* holding and the statutory directive that § 2000e–5(f)(2) actions be governed by Rule 65 of the Federal Rules of Civil Procedure, I find that the Commission must establish the existence of irreparable harm in order to prevail on its motion for preliminary relief.

■ The existence of irreparable injury can be established either as to the Commission or as to the charging party. That is, the Commission must show that Ms. Keller's discharge has impeded its investigation into the original discrimination charge or that Ms. Keller has suffered the sort of extraordinary injury that would justify immediate reinstatement. After reviewing the proposed stipulation of fact, the affidavits submitted by the Commission, and the testimony elicited at the evidentiary hearing, I conclude that the Commission has failed to prove either allegation.

The Commission has concentrated on attempting to show that Ms. Keller's discharge has impeded its investigation into Bay's employment practices. In essence, the Commission contends that potential witnesses who are employed at Bay will refuse to provide information to the Commission for fear of losing their jobs or suffering other reprisals. The evidence shows, however, that the Commission has barely begun its investigation into Ms. Keller's original charge and, consequently, is in no position to gauge to what extent, if any, its investigation will be impaired. I find that of the few employees that the Commission has contacted, none have refused to provide information. Some employees have requested confidentiality, but this alone does not constitute the existence of irreparable harm.

Nor has the Commission demonstrated that the injury to Ms. Keller is so extraordinary as to warrant her immediate reinstatement. While her injuries are certainly of a serious nature, they are no different from those which accompany any sudden loss of employment. Because this court must follow the recent Supreme Court and Seventh Circuit pronouncements on the subject, I cannot find that the injuries attributed to Ms. Keller can sustain the Commission's request for preliminary relief.

IT IS THEREFORE ORDERED that plaintiff's motion for a preliminary injunction be and hereby is denied, and that this decision constitutes this court's findings of fact and conclusions of law.