## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

v.

## CREDIT CONSULTANTS, INC., et al.

### Civ. A. No. C81–1698.

United States District Court, N. D. Ohio, E. D.

Aug. 26, 1981.

Bruce B. Elfvin, E.E.O.C., Cleveland, Ohio, for plaintiff.

Andrew C. Meyer, Cleveland, Ohio, for defendants.

## MEMORANDUM ORDER

ANN ALDRICH, District Judge.

Pending before this Court are plaintiff Equal Employment Opportunity Commission's (EEOC's) Motion For A Temporary Restraining Order and Petition For A Preliminary Injunction, pursuant to sections 706(f)(2) and (3) and 706(g) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–5(f)(2) and (3) and 2000e–5(g). A hearing was held on August 19, 1981 at which time the Court merged consideration of the temporary restraining order into the motion for a preliminary injunction. For the reasons set forth below, the Court hereby grants a limited injunction in favor of the EEOC.

The defendant, Credit Consultants, Inc., is an employer within the meaning of § 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h), and the defendant, Robert Bernstein, is the president of the defendant company. The jurisdiction of the Court is further predicated on 28 U.S.C. §§ 451, 1343, and 1345.

This action was precipitated as a result of charges filed with the EEOC by Shari Lu-

carelli, a former employee of the defendant company. Mrs. Lucarelli alleges that during the course of her employment at defendant Credit Consultants, Inc., from October 1, 1980 to July 8, 1981, she has been the object of sexual harassment by defendant Robert Bernstein. She further alleges that her employment with the defendant company was terminated because of her refusal to acquiesce in Mr. Bernstein's sexual advances.

Upon being fired, Mrs. Lucarelli immediately filed her charges with the EEOC. The EEOC began its preliminary investigation, and, believes that the preliminary relief sought is warranted because retaliation by the defendant company against both past and current employees threatens to restrict its investigative efforts. See affidavit of Chester Gray, District Director of the Cleveland District Office of the EEOC.

At the hearing, the testimony presented was limited to the question of whether any efforts were actually being made by the defendants to hamper the EEOC's investigation. Also available to the Court were the affidavits of six former employees of the defendant company.[1]

In pertinent part, Section 706(f)(2), 42 U.S.C. § 2000e–5(f)(2) provides:

Whenever a charge is filed with the Commission and the Commission concludes on the basis of a preliminary investigation that prompt judicial action is necessary to carry out the purposes of this Act the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision may bring an action for appropriate temporary or preliminary relief pending final disposition of such charge. Any temporary restraining order or other order granting preliminary or temporary relief shall be issued in accordance with rule 65 of the Federal Rules of Civil Procedure. . . .

The statute itself is something of an anomaly. Clearly Congress cannot have intended that traditional standards under Rule 65 of the Federal Rules of Civil Procedure should be applied, inasmuch as it is virtually impossible for the EEOC to show any likelihood of success on the merits when it has not completed its investigation and therefore cannot have decided whether the charging party has a cause of action. There is, therefore, authority for the proposition that the traditional Rule 65 standards should be relaxed in these cases. *Equal Employment Opportunity Commission v. Pacific Press Publishing Ass'n.*, 535 F.2d 1182, 1187 (9th Cir. 1976); *Equal Employment Opportunity Commission v. Union Bank of Arizona*, 12 FEP 527 (D.Ariz.1976), where the district court held:

Section 706(b)(2) provides statutory authority for preliminary relief to protect the jurisdiction of the Commission during the pendency of charges before it. Since it is a wholly statutory remedy the traditional standards for determining entitlement to preliminary injunctive relief are not applicable. . . . 12 FEP at 529–530.

Cf. *Equal Employment Opportunity Commission v. Bay Shipbuilding Corp.*, 480 F.Supp. 925 (E.D.Wis.1979); *Equal Employment Opportunity Commission v. Lockheed Electronics Co.*, 461 F.Supp. 242 (S.D.Texas 1978).

In this case, the EEOC's investigation involves an area of some sensitivity, and therefore is one in which the gathering of evidence is extremely difficult. At the hearing, several of the defendants' present employees who testified impressed this Court with their utter lack of candor. It therefore appears that the intent of the Congress would be frustrated were this Court not to relax the traditional Rule 65 standards and issue, in limited form, the injunction requested by the EEOC. At the same time, the Court is not unmindful of the protections that must, in fairness, be afforded the defendant in so sensitive an investigation.

In light of the foregoing, the Court hereby:

---

1. These affidavits are being kept under seal pursuant to a protective order granted by this

Court on August 14, 1981.

1) Denies the plaintiff's motion for a temporary restraining order with respect to paragraphs one and two of the motion.

2) Orders the defendant Credit Consultants, Inc. to provide the EEOC with a detailed floor plan of the Beachwood office of Credit Consultants, Inc.

3) Orders that unless a modification is applied for, the EEOC shall not conduct its investigation of the charges during working hours at the Beachwood office.

4) Enjoins the defendant Credit Consultants, Inc. and its officers, which includes the defendant Robert Bernstein, and employees and those persons acting in concert with them, from interfering in any way with any former or present employees of defendant Credit Consultants, Inc. who assist the plaintiff EEOC in its investigation of the charges which have been filed by Shari Lucarelli.

5) Orders that in order to protect the defendants, Credit Consultants, Inc. and Robert Bernstein, during the pendency of the EEOC's investigation, the publication of this order shall be limited to present and former employees of the defendant Credit Consultants, Inc.

6) Orders that this injunction shall remain in force for sixty days from the date of this order or until the EEOC has completed its investigation, whichever occurs sooner.

7) Orders the defendants, Credit Consultants, Inc. and Robert Bernstein, to distribute and deliver a copy of this order forthwith to all employees of defendant Credit Consultants, Inc.

Judgment for the petitioners, each party to bear its own costs.

IT IS SO ORDERED.